**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GLEN WAYT,

    Defendant-Appellant.

No. 00-8044
(D. Wyo.)
(D.Ct. No. 99-CR-92-5)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MURPHY**, Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

_____

Glen Wayt appeals from the district court's determination he was competent to stand trial. Mr. Wayt contends the district court incorrectly determined a personality disorder is not a "mental disease or defect," as used in 18 U.S.C. § 4241(d).[1] Mr. Wayt also asserts the district court committed plain error when it

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] 18 U.S.C. § 4241(d) provides:

Determination and disposition. – If, after the hearing, the

allowed him to assume the burden of proving his incompetence.

After reviewing the district court's ruling, we hold the district court applied the proper legal standard. The district court's decision was a factual one, supported by specific findings, and its conclusion that Mr. Wayt was competent pursuant to 18 U.S.C. § 4241 was not clearly erroneous. Mr. Wayt's second claim of error also fails because the assignment of the burden of proof did not affect the district court's determination. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's decision.

**FACTS**

Glen Wayt was indicted in the United States District Court for the District of Wyoming on conspiracy, possession of methamphetamine with intent to distribute, and aiding and abetting possession with intent to distribute methamphetamine charges, in violation of 21 U.S.C. §§ 846, and 841(a)(1),

---

court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

(b)(1)(A) and (b)(1)(C). Mr. Wayt was evaluated by Dr. Ralph Ihle, at the government's request, after Mr. Wayt's counsel alleged a jailhouse fight resulted in a head injury that rendered Mr. Wayt unable to understand the proceedings against him or to assist counsel in his case. When Mr. Wayt asked for an evaluation by Dr. Grant Fleming, the district court granted his motion. Mr. Wayt then requested and received a competency hearing pursuant to 18 U.S.C. §§ 4241 and 4247.

Both doctors testified at the competency hearing and provided copies of their reports. The doctors agreed on several points: 1) Mr. Wayt possessed the cognitive capability to understand the proceedings; 2) Mr. Wayt did not exhibit paranoia sufficient to constitute a psychotic disorder; and 3) tests indicated signs of malingering. The doctors differed on whether Mr. Wayt could properly assist counsel in his defense.

Dr. Fleming testified he spoke with Mr. Wayt's girlfriend, who described Mr. Wayt as a long-term user of methamphetamine. Dr. Fleming explained Mr. Wayt exhibited characteristics of a long-term user and Mr. Wayt's long-term methamphetamine abuse resulted in paranoia. Dr. Fleming concluded Mr. Wayt's paranoia was so strong it would significantly affect his ability to assist counsel

and he was not competent to provide adequate information for his defense.

Dr. Ihle recognized that whether a personality disorder was severe enough to be a "mental disease or defect" under 18 U.S.C. § 4241 is "ultimately the court's decision." Dr. Ihle did not find any major mental disorder that would result in significant impairment of Mr. Wayt's ability to understand the nature of the proceedings or impair his ability to properly assist counsel. Weighing this testimony, the district court found Mr. Wayt competent to stand trial.

After the district court resolved the competency issue, Mr. Wayt entered a conditional guilty plea to the conspiracy count as part of a plea agreement with the government. The parties stipulated to the relevant conduct, and the district court sentenced Mr. Wayt to 121 months imprisonment and five years supervised release.

## DISCUSSION

Mr. Wayt contends the district court incorrectly concluded, as a matter of law, that a personality disorder derived from long-term substance abuse cannot constitute a mental disease or defect under 18 U.S.C. § 4241. The government argues the district court's ruling was a factual analysis specifically applying the

-4-

law to Mr. Wayt's situation, not a legal conclusion precluding all defendants with personality disorders from the protection of 18 U.S.C. § 4241.

Competency to stand trial is an issue of constitutional significance, and a question concerning whether the district court applied the appropriate test is a question of law, subject to *de novo* review. *See Lafferty v. Cook*, 949 F.2d 1546, 1550 (10th Cir. 1991), *cert. denied*, 504 U.S. 911 (1992). However, the question of whether a defendant is competent to stand trial is a factual determination, set aside only if clearly erroneous. *United States v. Verduzco-Martinez*, 186 F.3d 1208, 1211 (10th Cir. 1999). A finding is clearly erroneous when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *Id.* (quotation marks and citation omitted).

The district court's ruling had four parts: 1) Mr. Wayt was casting about for a defense and his complaints about lost memory were not credible; 2) Dr. Fleming's conclusions concerning Mr. Wayt's drug use were unreliable because the reports of his drug use are unreliable; 3) even if the reports were reliable, Dr. Fleming did not present a causal connection between drug use and Mr. Wayt's personality disorder; and 4) even if Mr. Wayt had a personality disorder with paranoid features, "it ha[d] not been established by a preponderance of the

evidence for purposes of the Court ruling as to the incompetence of this particular accused." In other words, Mr. Wayt's personality disorder[2] did not meet the statutory standards, and he was competent to stand trial.

Although the government contended a personality disorder is not a mental disease or defect, the district court's thorough competency ruling was based on factual findings. In sum, the district court concluded Mr. Wayt was competent to stand trial. The district court's findings are not clearly erroneous. Contrary to Mr. Wayt's contentions, the district court's ruling does not convey a generalized legal rule that personality disorders do not qualify for consideration under 18 U.S.C. § 4241. We find more than adequate support in the record for its findings and, therefore, uphold the district court's decision.

As his second issue on appeal, Mr. Wayt asserts the district court committed plain error when it allocated the burden of proof. To establish plain error, Mr. Wayt must show: 1) there was an error; 2) the error was clear or obvious under current law; and 3) the error affected substantial rights. *United*

---

[2] The presence of some degree of mental disorder does not necessarily mean the defendant is incompetent to assist in his own defense. *See United States v. Mackovich,* 209 F.3d 1227, 1233 (10th Cir.), *cert. denied,* 531 U.S. 905 (2000); *accord Verduzco-Martinez,* 186 F.3d at 1212.

*States v. Whitney*, 229 F.3d 1296, 1308 (10th Cir. 2000). If these three elements are met, we may exercise our "discretion to correct the error if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quotation marks and citations omitted).

The federal statute providing for competency hearings does not allocate the burden of proof. *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995); 18 U.S.C. §§ 4241, 4247. We need not resolve the question here, because the district court's allocation of the burden of proof did not affect the outcome of its competency determination. The district court correctly noted the standard of proof in the competency hearing was the preponderance of the evidence. 18 U.S.C. § 4241(d). "[T]he allocation of the burden of proof to the defendant will affect competency determinations only in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent." *Medina v. California*, 505 U.S. 437, 441, 449 (1992) (applying state law with "preponderance of the evidence" standard).

The evidence in this case was not in equipoise. When the district court concluded Mr. Wayt was competent, it found: 1) Dr. Fleming's conclusions were

based on unreliable information and were therefore unreliable; 2) Mr. Wayt was not credible but was casting about for defenses; and 3) Dr. Fleming did not establish a causal connection between Mr. Wayt's drug use and his personality disorder. In contrast, the district court found Dr. Ihle, and the information he relied upon, extremely credible. Therefore, we find no error. However, even if we had found error, the fairness, integrity, or public reputation of the proceedings were not seriously affected. Accordingly, we **AFFIRM** the district court's competency determination.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge