**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 04-8058 |
| v. | (District of Wyo.) |
| GLEN WAYT, | (D.C. No. 03-CV-01-J and 99-CR-092-J) |
| Defendant-Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

Glen Wayt pled guilty to conspiracy to traffic methamphetamine and was sentenced to 121 months imprisonment and five years supervised release. Wayt then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (1996). In his motion, Wayt asserted several grounds for relief, all of which centered around an allegation of ineffective assistance of counsel. The district court

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

denied his motion in a careful and thorough 26 page order. Wayt then filed a

Certificate of Appealability (COA) and a motion to proceed *in forma pauperis*

(IFP) with the district court. The court denied both the COA and the motion to

proceed IFP. Wayt now appeals. Finding that Wayt failed to make a substantial

showing of the denial of a constitutional right, we affirm the denial of COA. We

also affirm the denial of his motion to proceed IFP.

## I. BACKGROUND

After police arrested Wayt on a drug trafficking complaint, he appeared at a

preliminary hearing on July 16, 1999 represented by counsel. Three days later,

Wayt was indicted. On July 20, 1999, Wayt, represented by different counsel,

entered an initial appearance on the indictment. Wayt retained yet another set of

counsel on August 6, 1999. These final lawyers remained Wayt's counsel through

his sentencing in June 2000.

On September 22, 1999, the United States filed a superseding indictment

charging Wayt with conspiracy to possess with intent to distribute

methamphetamine and two counts of possession with intent to distribute. Before

trial, the government sought and obtained permission from the court to conduct a

psychological evaluation of Wayt, after which Wayt's counsel did the same.

Although the court concluded that Wayt was competent to stand trial, the

evaluation requested by Wayt's counsel determined that Wayt could not assist in his own defense. Nonetheless, the case proceeded.

The day trial was set to begin, Wayt entered a guilty plea to the conspiracy count. As a result, the court sentenced him to 121 months imprisonment, five years supervised release, and levied $100 in special assessments and a $2,000 fine against him. Wayt appealed the court's competency determination, which this court affirmed in *United States v. Wayt*, 24 Fed. Appx. 880 (10th Cir. 2001). The Supreme Court denied Wayt's petition for certiorari on February 19, 2002.

On December 27, 2002, Wayt filed a motion in the district court to vacate his criminal sentence pursuant to 28 U.S.C. § 2255. In his motion, Wayt asserted that because all of his counsel at various stages of the case provided ineffective assistance, he was entitled to relief on numerous grounds. The district court denied the motion. Wayt sought a COA from the district court, but it was also denied. He moved to proceed IFP, but the court found Wayt could afford to pay the necessary filing fees.

## II. ANALYSIS

This court may only issue a COA and entertain Wayt's appeal if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1996); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). To make the

necessary substantial showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Our role is not to engage in a "full consideration of the factual or legal bases adduced in support of the claims," but rather to conduct "an overview of the claims . . . and a general assessment of their merits." *Id*. We agree with the district court that Wayt has not met his burden for COA on the ineffective assistance of counsel claim, and that IFP status should not be granted.

## A. Ineffective Assistance of Counsel

Wayt's original motion to vacate his sentence asserted that ineffective assistance by his various counsel created numerous grounds for relief. However, Wayt asks this court to grant him a COA so that we may review the singular issue[1] of whether his counsel's alleged failure to inform him of the "safety valve" provision under U.S.S.G. § 5C1.2 (2001),[2] for which Wayt argues he was or could

---

[1] Wayt also argues in his brief that the district court judge should be disqualified based on Wayt's allegation that the judge failed to read Wayt's arguments. This argument fails because Wayt has not set forth any facts that show a lack of impartiality, personal bias, or prejudice.

[2] Under U.S.S.G. § 5C1.2, courts can ignore mandatory minimum sentences if a defendant: 1) has no more than one criminal history point under the U.S.S.G.;
(continued...)

-4-

have qualified, constitutes ineffective assistance. We agree with the district court that Wayt has not made a showing under *Strickland v. Washington*, 466 U.S. 668 (1984).

Wayt asserts that his attorneys failed to inform him that § 5C1.2 existed and, as a result, he did not qualify for the safety valve because he never had the opportunity to provide all truthful information concerning his offense. However, the safety valve was discussed at the April 3, 2000 plea hearing in open court in Wayt's presence. The judge said he could go below the mandatory minimum if Wayt qualified for the safety valve in § 5C1.2. The judge then asked if Wayt had any questions regarding the possible range of his sentence, to which Wayt

---

[2](...continued)
2) did not use violence, threats of violence and did not possess a firearm in connection with the crime; 3) did not cause death or serious bodily injury; 4) had no organizational, leadership, managerial or supervisory role in the crime; and 5) "[n]ot later than the time of the sentencing hearing, the defendant . . . truthfully provided the Government all information and evidence the defendant ha[d] concerning the offense . . . ." U.S.S.G. § 5C1.2. Only the fifth prong is at issue in this case.

In his opening brief, Wayt incorrectly designates U.S.S.G. § 5K2.13, allowing a downward departure for those defendants with diminished mental capacity, as the "safety valve" provision. The arguments in his brief demonstrate that he believes his counsel failed to inform him of the five characteristics needed to qualify for the safety valve of U.S.S.G. § 5C1.2.

responded in the negative. (Aplt. Br. p. 5-6) Thus, it is plain that Wayt knew about § 5C1.2 and had the opportunity to ask the judge questions about it.

In any event, the evidence shows that Wayt could not qualify for the safety valve in § 5C1.2. Prior to his sentencing hearing, Wayt met with the prosecution and told them about his and others' involvement in the conspiracy and he signed a proffer whereby he agreed to be a witness against his co-conspirators. However, Wayt later "changed his story and attempted to retract what he told the Assistant U.S. Attorney . . . [and said that] he could not/would not go through with his agreement to cooperate." (Aplt. Br. p. 7) Thus, when presented with the opportunity to provide all truthful information about his crimes to the government, Wayt refused.

Wayt contends, though, that his refusal to cooperate does not vitiate his claim of ineffective assistance. According to Wayt, at the time he refused to cooperate he did not know about § 5C1.2, nor did he know about it six months later when he entered his guilty plea. Wayt claims that had he known about § 5C1.2, he would have cooperated with the government or, at least, provided all necessary information when he entered his guilty plea. This argument is unpersuasive.

As the district court's found, if Wayt's attorneys were aware that he had failed to truthfully tell the government all he knew about the conspiracy, it would

have been an ethical violation for his attorneys to argue to the court that Wayt was eligible for the safety valve in § 5C1.2. Moreover, Wayt presents no evidence that he was willing to provide helpful information to the government prior to sentencing, even after the plea hearing where the district court discussed the safety valve provision. Rather than show ineffectiveness under *Strickland*, the record actually shows Wayt's counsel faithfully followed a defense strategy pointing to trial.

Wayt alternatively points to the fact that he pled guilty and received a downward departure in his sentence for acceptance of responsibility. This alone, though, is insufficient to qualify Wayt for the safety valve. Indeed, as the district court noted, it cannot be sufficient, for if it were all defendants who received a similar downward departure could be eligible for the safety valve in § 5C1.2 if they met the other criteria. Accepting responsibility and divulging all information about one's crimes is not the same. Wayt's argument is especially unconvincing given his change of heart and plea of guilty only at the last minute as trial was about to commence. Thus, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) [Wayt's] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal

quotations omitted).  Therefore, we affirm and deny Wayt's application for a COA.

**B.  In Forma Pauperis**

Wayt moved the district court to allow him to proceed without prepayment of requisite filing fees.    *See* 28 U.S.C. § 1915 (1996).  In his motion and an accompanying affidavit, Wayt asserted he was unable to pay any such fees.  However, the district court found that because the average monthly balance in Wayt's prison account exceeded $300.00 per month between January and June 2004 and because Wayt received a regular income while in prison, he had the ability to pay requisite filing fees.  While the average monthly balance of Wayt's prison account between June and October 2004 is less than $300, and as of October 2004 was only $34, we agree with the district court's conclusion.  Wayt still receives regular monthly income in prison, albeit a small amount ($18).  In addition, his account logs show that he spends approximately $30.00 per month, and makes a quarterly child support payment of $35.  Thus, at this time, it is apparent that Wayt has the funds to pay filing fees.  We affirm the district court's denial of Wayt's motion to proceed IFP.

### III.  CONCLUSION

We affirm the district court's denial of Wayt's COA.  Wayt has failed to make a substantial showing of a denial of a constitutional right, as reasonable

jurists could not debate whether his counsel rendered ineffective assistance by not asking the court to apply U.S.S.G. § 5C1.2.  In addition, at this time, Wayt has the ability to pay the requisite filing fees and, thus, we affirm the denial of his motion to proceed IFP.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
