**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 16, 2005**

**TENTH CIRCUIT**

RICHARD LIONEL MAYBERRY,

   Petitioner-Appellant,

  v.

RON WARD,

   Respondent-Appellee.

No. 05-6053

(W.D. of Okla.)

(D.C. No. CV-04-1687-F)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**   *

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

---

 Petitioner-Appellant Richard L. Mayberry, a state prisoner appearing pro se, filed a petition for writ of habeas corpus in the district court for the Western District of Oklahoma pursuant to 28 U.S.C. § 2254. The district court held the petition to be untimely under 29 U.S.C. § 2244(d), denied a certificate of appealability (COA), and dismissed. Because Mayberry has not made a

---

 * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

 ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

## I. Background

The parties are familiar with the facts of this case and we need not restate them here. After pleading guilty to robbery with a firearm, assault and battery with a dangerous weapon, and possession of a firearm, Mayberry was sentenced on March 14, 1994, to 50 years imprisonment. He filed an application for post-conviction relief, but it was denied by a state district court on October 12, 1994. Mayberry did not appeal. On September 3, 2003, he filed a second petition for post-conviction relief, which was denied by a state district court on November 13, 2003. The Oklahoma Court of Criminal Appeals declined jurisdiction due to Mayberry's failure to file a timely appeal. Mayberry filed his third petition for post-conviction relief on May 3, 2004, and it was again denied by a state district court. The Oklahoma Court of Criminal Appeals affirmed the denial on August 31, 2004.

Mayberry filed his petition in federal district court on December 13, 2004. He claimed that the state violated his due process rights by denying his applications for post-conviction relief without a hearing, that his pleas were not knowingly made, and that his trial counsel was ineffective, resulting in his guilty pleas and his untimely motion to withdraw his guilty pleas.

## II. Legal Issues

We may grant a COA if Mayberry "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000); *see also United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). In cases where the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue if the habeas petitioner shows (1) reasonable jurists would find it debatable whether the petition states a valid claim of the denial of the constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Absent a showing of statutory or equitable tolling, state prisoners have a one-year period within which to file a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1)(A). In cases such as this one, where Mayberry's conviction became final prior to the enactment of AEDPA, the one-year limitations period runs from the Act's effective date, which was April 24, 1996. *Hoggro v. Boone*, 150 F.3d 1223, 1225-1226 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). Thus, absent statutory or equitable tolling, Mayberry had one year from that date to file his petition in federal district court. The limitations period can be tolled for a "properly filed application for state post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Mayberry did not file his federal petition until 2004, many years after the limitations period ended in 1997. Furthermore, he is not entitled to statutory or equitable tolling. Regarding statutory tolling, Mayberry's first application for post-conviction relief did not toll the limitations period, because it was filed *before* the enactment of AEDPA, i.e., before the one-year period began in 1996. Likewise, Mayberry's second and third applications for relief were not tolling events because they were not filed in state court until *after* the one-year clock had expired in 1997. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). Finally, we agree with the magistrate judge that Mayberry has shown no cause for equitable tolling, which is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Mayberry has alleged no facts that would allow us to find "circumstances where the limitation period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). As the magistrate judge pointed out, Mayberry was not diligent in pursuing his federal claims, and "this Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge