FILED
United States Court of Appeals
Tenth Circuit

February 7, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JESUS HERNANDEZ,

Petitioner-Appellant,

v.

JUSTIN JONES, Director of the
Oklahoma Department of Corrections,

Respondent-Appellee.

No. 13-5107
(D.C. No. 4:10-CV-00534-GKF-TLW)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Jesus Hernandez, a pro se Oklahoma prisoner, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

habeas petition.[1] *See* 28 U.S.C. § 2253(c)(1)(A) (stating that no appeal may be taken

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[1] We liberally construe Mr. Hernandez's pro se materials. *See Van Deelen v.
Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

from a final order disposing of a § 2254 petition unless petitioner first obtains a COA). We deny a COA and dismiss the appeal.

## I

Mr. Hernandez was tried by a jury on two counts of first-degree murder for the stabbing death of his pregnant girlfriend. On count one, he was convicted and sentenced to life in prison without the possibility of parole. On count two, he was convicted of the lesser charge of second-degree murder and sentenced to a consecutive thirty-year term. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentence, and the trial court denied post-conviction relief. The OCCA then affirmed the denial of post-conviction relief, and Mr. Hernandez filed this § 2254 petition. The district court denied the petition as well as a COA, and Mr. Hernandez now seeks a COA from this court.

## II

"A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009); 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which is accomplished when an applicant shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation

marks omitted). Where a petition has been denied on procedural grounds, an applicant "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack*, 529 U.S. at 484). Where a state court has adjudicated the merits of a claim raised in a federal habeas petition, as occurred here, we may grant habeas relief only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Dockins v. Hines*, 374 F.3d 935, 937-38 (10th Cir. 2004).

Mr. Hernandez seeks a COA to pursue three claims: 1) that he was denied a fair trial by the admission of a crime-scene video; 2) that he cannot be punished twice for committing a single act of violence; and 3) that his trial counsel rendered ineffective assistance.[2]

---

[2] In the district court, Mr. Hernandez argued that both trial and appellate counsel were ineffective, specifically appellate counsel by failing to communicate with him and help him understand his constitutional rights. R., Vol. 1 at 13. He also argued that interpreter services were withheld until late in the trial and during his appeal. In his COA application, Mr. Hernandez does not mention his claim that an interpreter was withheld, and he only refers to ineffective assistance of appellate counsel in the heading section of his argument. We decline to consider these and any other inadequately presented issues. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *United States*

(continued)

Mr. Hernandez's first contention is unavailing, as no reasonable jurist would debate whether Mr. Hernandez was a denied a fair trial by the admission of the crime-scene video. *See Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) ("Under Tenth Circuit precedent, [a petitioner] may only obtain habeas relief for an improper state evidentiary ruling if the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." (brackets and internal quotation marks omitted)). The OCCA explained that the video "accurately depicted the location of [the victim's] body . . . and gave the jury a view of the entire crime scene, including blood spatter and pooling of blood in relation to her body." R., Vol. 1 at 100. The OCCA also determined that the video corroborated witnesses' testimony without focusing on the body for an inordinate duration. And although there were photos of the crime scene, the OCCA found the video was not cumulative because it provided a walkthrough visualization not provided by the photos. Given this explanation, we agree with the district court that the video was not so prejudicial as to render the trial fundamentally unfair.

Mr. Hernandez next contends he cannot be punished twice for committing a single act of violence.[3] To the extent Mr. Hernandez maintains that his sentences

---

*v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (finding waiver where applicant failed to address claim in either his COA application or appeal brief).

[3]    To the extent Mr. Hernandez characterizes this claim as a double jeopardy violation, we note that he attempted to amend his § 2254 petition to advance this theory but the district court ruled he was raising a new claim that was time-barred. *See* R., Vol. 1 at 357-58. Mr. Hernandez offers no argument suggesting that the

(continued)

violate Oklahoma's prohibition against multiple sentences found at Okla. Stat. tit. 21, § 11, the OCCA rejected this claim on direct appeal, ruling that although "various acts are part of the same transaction, they will constitute separate and distinct crimes where they are directed at separate and distinct persons." *Id.* at 101. The OCCA observed that the jury convicted Mr. Hernandez of killing two people—his pregnant girlfriend and her unborn child—and concluded that state statutes authorized separate punishments. Mr. Hernandez disputes this conclusion, but the OCCA's interpretation of state law is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, as the state's highest criminal court, the OCCA's conclusion regarding the intent of Oklahoma's legislature was binding. *See Cummings v. Evans*, 161 F.3d 610, 614-15 (10th Cir. 1998). Thus, no reasonable jurist could debate the district court's resolution of this claim.

Finally, Mr. Hernandez contends his trial counsel was ineffective in failing to impeach witnesses who proffered contradictory testimony. Although he raised this claim in his post-conviction proceedings, the district court ruled it was procedurally defaulted because Mr. Hernandez failed to raise it on direct appeal. *See English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (recognizing Oklahoma's procedural bar against claims of ineffective assistance of trial counsel not raised on direct appeal). "Where a plain procedural bar is present and the district court is correct to invoke it

---

district court's procedural ruling was wrong or even debatable, and as a consequence, we decline to consider the issue, *see Springfield*, 337 F.3d at 1178.

to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Mr. Hernandez offers no argument suggesting the district court erred in applying Oklahoma's procedural bar. Nor could any reasonable jurist debate the district court's conclusion that the claim was defaulted. *See Fairchild v. Workman*, 579 F.3d 1134, 1142 (10th Cir. 2009) ("[T]he Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ and the ineffectiveness claim can be resolved upon the trial record alone." (internal quotation marks omitted)). This claim is therefore unavailing as well.

Accordingly, we deny a COA and dismiss the appeal.

Entered for the Court


Wade Brorby
Senior Circuit Judge