**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.                                                        No. 03-8010

FRANCIS EDWARD SPRINGFIELD,

Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. NOS. 02-CV-129-B and 98-CR-051-01-B)**

---

Submitted on the brief:      *

Francis Edward Springfield, pro se.

---

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

*After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This matter comes before the panel on petitioner-appellant Francis Edward Springfield's "Motion to Correct Order and Judgement [sic]," which we construe as a petition for rehearing. Because the denial by this court of an application to file a second or successive motion under 28 U.S.C. § 2255 cannot be the subject of a petition for rehearing, we strike the implied petition for rehearing filed by Mr. Springfield. *See* 28 U.S.C. § 2244(b)(3)(E). The court, however, sua sponte vacates its order and judgment in this matter filed on June 3, 2003, *see Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997), and substitutes the following order in its place.

Francis Edward Springfield, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B). He also seeks leave to proceed *in forma pauperis* (IFP) on this appeal. We deny his request for a COA and his request to proceed IFP, and dismiss the appeal.

Mr. Springfield was convicted after a jury trial of (1) possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2; (2) carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (4) being a

felon in possession of ammunition, in violation of § 922(g)(1). In November 1999 we affirmed his convictions on direct appeal, but remanded for resentencing under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA). *See United States v. Springfield*, 196 F.3d 1180 (10th Cir. 1999). The Supreme Court denied Mr. Springfield's petition for a writ of certiorari on March 20, 2000. *See Springfield v. United States*, 529 U.S. 1029 (2000). Mr. Springfield then challenged his sentence in district court with a pleading that the district court construed to be an application for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed that application with prejudice. Mr. Springfield appealed the decision; we denied his application for a COA and dismissed that appeal. *See United States v. Springfield*, 54 Fed. Appx. 909 (10th Cir. 2003) (unpublished).

On July 8, 2002, Mr. Springfield filed in district court his § 2255 motion, in which he (1) challenges a 1973 plea of guilty to a Wyoming escape charge used (along with other state court convictions) to enhance his sentence under the ACCA, on the grounds that the guilty plea was not knowing and voluntary and was obtained in violation of due process; and (2) argues that the use of the escape conviction to enhance his sentence violated the Ex Post Facto Clause of the United States Constitution. The district court denied his motion on July 17, 2002, on the ground that it was time-barred under the one-year limitations period of 28

U.S.C. § 2255. The court noted that even if the motion was timely, it would be denied because it lacked merit. On July 30, 2002, Mr. Springfield filed a motion to reconsider that decision, arguing, among other things, that he was entitled to equitable tolling of the statute of limitations. The district court denied the motion on December 17, 2002. This request for a COA followed.

A COA can issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has denied the motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue if the movant demonstrates "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. In examining whether the district court's "resolution was debatable amongst jurists of reason," courts should not undertake a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell,* 123 S. Ct. 1029, 1039 (2003). Rather, "[t]he COA determination under § 2253(c) requires

an *overview* of the claims in the habeas petition and a general assessment of their merits." *Id.* (emphasis added).

With these benchmarks in mind, we have reviewed Mr. Springfield's brief and application for a COA, the district court's orders, and the record on appeal. We conclude that Mr. Springfield has not shown "that jurists of reason would find it debatable whether . . . [his motion] states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. Accordingly, we need not examine the district court's procedural ruling and Mr. Springfield's related arguments that equitable tolling should apply in this case, particularly since his arguments regarding the district court's procedural ruling are vaguer and less developed than those he presses with respect to his constitutional claims. *See id.* at 485.

At the outset, we note that Mr. Springfield has waived his challenge to the validity of the 1973 escape conviction that was used to enhance his federal sentence, because he failed to address that claim in either his application for a COA or his brief on appeal. *See Grant v. Pharmacia & Upjohn Co.*, 314 F.3d 488, 494 (10th Cir. 2002) (claim raised in district court but not briefed on appeal is waived). Thus, the sole constitutional claim before us is his argument that using the escape conviction to enhance his sentence under the ACCA violated the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3.

Mr. Springfield's ex post facto claim has no merit.  In order for a law to violate the Ex Post Facto Clause, the "law must apply to events occurring before its enactment and must disadvantage the offender affected by it."  *United States v. Heredia-Cruz*, 328 F.3d 1283, 1290 (10th Cir. 2003) (internal quotation marks omitted).  Mr. Springfield argues that enhancing his sentence under the ACCA violates the clause because it punishes him for events which occurred before the ACCA's enactment in 1984—namely, the escape offense, which he committed in 1973.  But it has been settled law for more than half a century that there is no ex post facto problem in using a prior conviction to enhance a sentence, so long as the offense for which the sentence is being imposed was committed after the effective date of the statutory provision setting forth the conditions for enhancement.  *See Gryger v. Burke*, 334 U.S. 728, 732 (1948).  In *Gryger* the Supreme Court rejected an ex post facto challenge to a sentence enhancement under the Pennsylvania Habitual Criminal Act; the defendant's sentence had been enhanced using a conviction for an offense committed before the Act's passage. The Court stated:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy.  *The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.*

*Id.* (emphasis added). The same rationale applies to enhancements under the ACCA. Mr. Springfield's enhanced sentence is not an additional retroactive punishment for the 1973 escape conviction; it is a stiffened penalty for his latest crimes—possession of a firearm and ammunition by a convicted felon—which he committed in 1998, well *after* the ACCA was passed.

In an analogous context this court has sustained sentence enhancements under § 2L1.2 of the United States Sentencing Guidelines, rejecting the argument that the Ex Post Facto Clause was violated by an enhancement based on convictions predating the guideline's enactment. *See Heredia-Cruz*, 328 F.3d at 1290 ("This Circuit has held that the sentencing enhancement in § 2L1.2 does not unconstitutionally punish a defendant for a felony conviction that occurred before enactment [of] § 2L1.2 or its relevant amendments because the defendant is being punished for the illegal re-entry, not the underlying aggravated felony."). Moreover, every circuit court to address the issue has concluded that there is no ex post facto problem when a court enhances a sentence under the ACCA on the basis of convictions that occurred prior to the ACCA's passage. *See United States v. Etheridge*, 932 F.2d 318, 323 (4th Cir. 1991); *United States v. Leonard*, 868 F.2d 1393, 1399-1400 (5th Cir. 1989), *abrogated in part on other grounds by Taylor v. United States*, 495 U.S. 575 (1990); *United States v. Stuart*, 1996 WL 145857, at *2 (6th Cir. 1996) (unpublished); *United States v. Jordan*,

870 F.2d 1310, 1314-15 (7th Cir. 1989); *United States v. Reynolds*, 215 F.3d 1210, 1213 (11th Cir. 2000).

Because the ACCA is not retroactive, we can also readily dispose of Mr. Springfield's "alternative argument" that Congress failed to indicate clearly that the ACCA should be applied retroactively.

Accordingly, we conclude that Mr. Springfield has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore DENY his request for a COA. We also DENY his request to proceed IFP.