**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUGENE KIRK,

        Petitioner-Appellant,

v.

REGINALD HINES, Warden,

        Respondent-Appellee.

No. 04-6200

(W. District of Okla.)

(D.C. No. CV-03-997-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

Petitioner-Appellant Eugene Kirk, a state prisoner appearing pro se, filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254 (2000). Upon the magistrate judge's recommendation, the district court denied Kirk's writ of habeas corpus. The district court also denied Kirk a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1) (2000) (a

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

petitioner may not appeal the denial of habeas corpus relief unless he first obtains a COA). Kirk now seeks to appeal the district court's ruling on the same grounds that were rejected by the district court. Because Kirk has not made a substantial showing of the denial of a constitutional right, we deny his COA and dismiss the appeal.

## Background

Kirk was tried and convicted by a jury in Oklahoma state court on three counts: Murder in the First Degree (Count I); Domestic Abuse After a Former Conviction of Domestic Abuse (Count II); and Assault with a Dangerous Weapon (Count III). Kirk received life without parole for Count I, and forty years in prison for each of the other two counts; his sentences were to run consecutively. Kirk then filed a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), citing seven trial errors. The OCCA affirmed Williams's conviction and sentences on Counts I and III, but reversed his conviction for domestic abuse, thus reducing Kirk's sentence by forty years. The OCCA also found the trial court erred when it failed to give a jury instruction regarding impeachment by prior bad acts, but found that the error was harmless beyond a reasonable doubt.

Thereafter, Kirk filed the instant § 2254 petition, citing six grounds for relief, all of which were part of his original appeal to and rejected by the OCCA. First, Kirk asserted that the evidence was insufficient to convict him of Count I.

Second, Kirk argued prosecutorial misconduct during closing arguments wherein the prosecutor's alleged vouching for a witness violated his Sixth, Eighth, and Fourteenth Amendment rights. Third, Kirk claimed that the trial court erroneously admitted "other crimes" evidence in violation of his Sixth, Eighth, and Fourteenth Amendment rights. Fourth, Kirk argued that the court's failure to grant his jury instruction regarding impeachment by prior bad acts violated his due process rights. Fifth, Kirk asserted that the court's jury instructions placed too much emphasis on his prior conviction. Finally, Kirk claimed that the cumulative effect of the court's errors violated his right to a fair trial.

## Analysis

This court may only issue a COA and entertain Kirk's appeal if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). To make the necessary substantial showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Our role is not to engage in a "full consideration of the factual or legal bases adduced in support of the claims," but

rather to conduct "an overview of the claims in the habeas petition and a general assessment of their merits." *Id*. Additionally, in cases such as this where the petitioner's federal habeas claims were adjudicated on the merits in state court, Congress has instructed that we may grant habeas relief only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2000). We have recently held that this standard of deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for a COA. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

In his direct appeal, the OCCA found that the jury properly convicted Kirk of First Degree Murder and Assault with a Dangerous Weapon, but found that the jury improperly convicted him of Domestic Abuse After a Former Conviction of Domestic Abuse. After conducting the required overview of Kirk's claims, and having considered the deferential treatment accorded to state court decisions under § 2254(d), we agree with the district court that Kirk has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000).

The magistrate judge's thorough examination of all six of Kirk's claims, with which we agree and adopt by reference, demonstrates that the district court's denial of Kirk's habeas petition was not a decision that reasonable jurists could debate.

First, it is clear, particularly in light of the limited scope of our review under § 2254, that the evidence presented at trial was such that a "rational trier of fact could have found the elements of [First Degree Murder] beyond a reasonable doubt." *Romano v. Gibson*, 239 F.3d 1156, 1164 (10th Cir. 2001) (internal quotations omitted). Second, the OCCA did not err when it found that the prosecution's emphasis on the consistency of the witnesses' testimony did not constitute vouching for those witnesses. Third, no actual "other crimes" evidence was admitted because the trial court sustained an objection to a question regarding Kirk's prior incidents of domestic abuse before the witness could answer the question. What is more, the court instructed the jury to ignore the question and any implications that could possibly be drawn from it. Fourth, the OCCA's finding that the trial court committed harmless error by not providing the jury with an instruction on impeachment by prior inconsistent statements was correct because it applied and analyzed the issue using the proper standard to determine harmlessness. Fifth, the OCCA properly rejected Kirk's argument that two jury instructions concerning impeachment by former conviction unduly

emphasized his prior conviction. Kirk did in fact have a prior conviction and the instruction was proper. Finally, the OCCA properly evaluated the impact of the trial court's errors, i.e., not providing a jury instruction on impeachment by prior bad acts and improperly convicting Kirk on Count II, because there was no cumulative effect of the errors since there was only one harmless error.

Accordingly, we find that no reasonable jurist could disagree with the conclusions made by the district court in its denial of Kirk's petition for relief and COA. Therefore, we DENY the request for a COA and DISMISS the case.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge