**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC CARTER,

        Petitioner - Appellant,

v.

RANDALL G. WORKMAN,

        Respondent - Appellee.

No. 04-6252

(W. D. Okla.)

(D.C. No. CV-04-454-T)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**  *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges.  **

Eric Carter is a state prisoner serving a ten-year sentence for drug trafficking. He filed a petition for a writ of habeas corpus claiming the state violated his Fourteenth Amendment due process rights when a prison disciplinary proceeding resulted in the loss of credits he had earned towards a reduced sentence. Adopting the magistrate judge's recommendation that Carter had been

---

\* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

afforded due process, the district court denied the petition.[1] Carter then sought a certificate of appealability (COA) from the district court and moved for permission to proceed *in forma pauperis* (IFP). The district court denied a COA and Carter's IFP motion. Because reasonable jurists would not find it debatable that the district court was correct in dismissing Carter's habeas petition, we deny a COA and dismiss the appeal. In addition, we deny Carter's IFP motion.

## BACKGROUND

As a prisoner, Carter is subject to intermittent and random searches. During one such search, a correctional officer felt an object in Carter's pocket and attempted to retrieve it. Before the officer could retrieve the object, however, Carter grabbed the officer, twisted his hand or wrist, ran to a nearby toilet, and flushed the object. The officer complained of an injury, reported to the infirmary, and received an ice pack. As a result of this incident, a prison misconduct report charged Carter with "battery of a staff member with physical contact which results in bodily harm." A disciplinary hearing was held at which Carter was found guilty and sentenced to 30 days segregation and a loss of 200 days of earned credits.

---

[1] Carter filed his petition citing 28 U.S.C. § 2254 (2000). However, because Carter challenges the execution of his sentence rather than the fact of his conviction, his petition is one pursuant to 28 U.S.C. § 2241 (2000). *See Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000).

After prison officials conducted a subsequent review of the hearing, they found that Carter should have been charged with "battery . . . that does not result in bodily harm." Thus, an amended charge was filed, effectively replacing the first. Carter received notice of and attended a hearing on the amended charge. Once again, the hearing resulted in Carter being found guilty and receiving a sentence of 30 days segregation and a loss of 200 days of earned credits.

Carter then filed a petition for habeas corpus in the district court. In his petition, Carter argued the disciplinary action violated his due process rights because the notice of the amended charge was inadequate and the evidence presented at the hearing did not support a finding of guilty. Carter pointed out that the incident report stated Carter twisted the officer's hand while the amended charge stated Carter twisted the officer's wrist. Carter then argued that this difference in detail rendered the notice vague and made it impossible to prepare a defense. The magistrate judge rejected Carter's arguments, found his petition meritless, and recommended that the district court deny Carter's petition.

Carter filed an objection to the magistrate judge's recommendation, asserting the magistrate judge erred by 1) addressing Carter's federal petition before determining whether Carter had first exhausted his state remedies; 2) finding Carter received adequate notice of the amended disciplinary hearing; and 3) finding at least "some evidence" supported the disciplinary hearing officer's

decision. The district court rejected Carter's objections and adopted the magistrate judge's recommendation to deny the petition. Carter then sought a COA from the district court and moved to proceed IFP. The district court denied a COA, finding the district court's determinations with respect to its denial of Carter's petition were not debatable or wrong. The district court also denied Carter's IFP motion on the grounds that the appeal was not taken in good faith.

Carter now seeks a COA from this court. Carter relies on the same arguments he made in his objection to the magistrate judge's recommendation. He also seeks permission to proceed IFP.

## ANALYSIS

This court may only issue a COA and entertain Carter's appeal if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). To make the necessary substantial showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Our role is not to engage in a "full consideration of the factual or legal bases adduced in support of the claims," but

rather to conduct "an overview of the claims . . . and a general assessment of their merits." *Id*. We agree with the district court that Carter has not met his burden for a COA and that IFP status should not be granted.

Carter first argues the district court should not have adopted the magistrate judge's recommendation that Carter's claims were without merit, which obviated the need to determine whether Carter exhausted his state remedies before filing his federal petition. When a federal habeas petition is meritless, the question of exhaustion of state remedies need not be addressed. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). As explained below, Carter's claims are without merit, and thus exhaustion was properly not addressed.

Carter next claims that the discrepancy between the incident report (Carter twisted the officer's hand) and the amended prison misconduct report (Carter twisted the officer's wrist) is significant enough to render the notice of the amended report insufficient because he could not prepare a defense without knowing whether he was accused of twisting the officer's wrist or hand. On its face, Carter's argument is meritless. What is more, Carter received adequate notice because the disciplinary hearing officer provided all that was constitutionally necessary: advance written notice of the disciplinary charge, an opportunity to present a defense, and a written statement of the evidence relied on and the reasons for the disciplinary action. *See Superintendent, Mass. Corr. Inst.,*

*Walplole v. Hill* , 472 U.S. 445, 454 (1985) (establishing what is necessary to constitute adequate notice of a disciplinary proceeding).  Thus, Carter received adequate notice of the disciplinary charges and his due process rights were not violated.

Finally, Carter argues the evidence of guilt was insufficient.  He points to the conflicting reports and the fact that the officer's allegation of being injured was not bourne out.  Under *Hill*, sanctions imposed during a disciplinary hearing need only be supported by "some evidence" so long as adequate notice of the hearing was provided.  472 U.S. at 454.  Carter received adequate notice.  The hearing officer received and believed the reporting officer's statement describing how Carter grabbed and twisted his hand.  Thus, "some evidence" supported the sanctions and Carter received due process.

## CONCLUSION

Carter fails to establish that reasonable jurists could disagree that the district court's denial of COA was correct.  In addition, Carter fails to demonstrate that his appeal is not frivolous.  Therefore, we deny a COA and deny Carter's motion to proceed IFP.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge