**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARRY WATSON,

Petitioner-Appellant,

v.

DAYTON J. POPPELL, Warden,

Respondent-Appellee.

No. 04-6213

(W.D. of Okla.)

(D.C. No. 02-CV-346-T)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Petitioner-Appellant Barry Watson, a state prisoner appearing pro se, filed a petition for writ of habeas corpus in the district court for the Western District of Oklahoma pursuant to 28 U.S.C. § 2254. The district court denied Watson's writ of habeas corpus and also denied him a certificate of appealability ("COA").

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Because Watson has not made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

## I. Background

The parties to this action are familiar with the facts of the case and we need not restate them in full. Watson was a suspect in a domestic disturbance and burglary. Following a traffic stop of Watson's vehicle, Watson left his vehicle and, according to officers, appeared to be throwing a substance that was later identified as crack cocaine. Watson was subsequently arrested and charged with a number of crimes, including assault and battery, burglary and possession of a controlled dangerous substance.

Watson was convicted in Oklahoma state court and the Oklahoma Court of Criminal Appeals affirmed his conviction. Watson then filed an application for post-conviction relief with the Oklahoma County District Court. The district court denied his petition, and the Oklahoma Court of Criminal Appeals affirmed.

In his petition to the federal district court, Watson put forth six claims: (1) trial counsel was ineffective; (2) he was subject to prosecutorial misconduct; (3) appellate counsel and trial counsel had a conflict of interest; (4) appellate counsel was ineffective; (5) the prosecution used its peremptory challenges in a discriminatory manner; and (6) his sentence was improperly enhanced. The federal magistrate judge entered a comprehensive twenty-nine page report

recommending that Watson's request for habeas relief be denied. The district court for the Western District of Oklahoma adopted the report in its entirety and denied Watson's claims. The district court also denied a COA. In his brief to this court, Watson simply reiterated his claims before the district court and also filed a "motion to expand certificate of appealability," in which he argued that ineffective assistance of counsel establishes cause for state procedural default.

## II. Legal Issues

A COA may issue if Watson "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). To make this showing, "a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). Our role is not to engage in a "full consideration of the factual or legal bases adduced in support of the claims," but rather we merely conduct an "overview of the claims in the habeas petition and a general assessment of their merits." *Id*.

Where, as was the case with several of the claims at issue here, the district court denies a habeas petition on procedural grounds without reaching the

underlying constitutional claim, a COA may issue if the habeas petitioner shows (1) reasonable jurists would find it debatable whether the petition states a valid claim of the denial of the constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, with respect to those types of claims, Watson must show that he has been denied a constitutional right *and* that the district court erred in its procedural ruling. We may deny a COA on either of these two prongs. *Id*. at 485.

With these principles in mind, we review Watson's claims.

### A. Ineffective Assistance of Trial Counsel/Prosecutorial Misconduct

The magistrate judge recommended Watson's first and second claims be denied because he failed to raise these issues on direct appeal. As fully developed by the magistrate judge, these claims are procedurally defaulted. While it is true "[a] showing that a defendant received ineffective assistance of counsel will establish cause excusing a procedural default," *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002), to meet this standard, Watson must satisfy the familiar two-part test for ineffective assistance established in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Specifically, he must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the

-4-

proceedings would have been different.    *Id.*  The magistrate judge's application of *Strickland* is correct and we agree that Watson has not shown any reason to believe the outcome of his direct appeal would have been different if these two theories had been advanced at trial.

**B.     Conflict of Interest/Ineffective Assistance of Appellate Counsel**

Watson next argues that his appellate counsel had a conflict of interest because both appellate and trial counsel were part of the Oklahoma Public Defender Office.  As the magistrate judge correctly explained, under our case law, no inherent conflict exists merely because appellate and trial counsel are both employed by the Public Defender's Office.

Watson also argues that appellate counsel was ineffective due to counsel's failure to raise ineffective assistance of trial counsel and prosecutorial misconduct on direct appeal.  Again, for the reasons set forth in the magistrate judge's opinion, since Watson fails to meet the    *Strickland* standard as to trial counsel, his appellate counsel could not be ineffective for failing to pursue the claim on appeal.

**C.     Improper Use of Peremptory Challenges**

Watson next argues that the prosecution engaged in racial discrimination in its exercise of peremptory challenges during jury selection.  The magistrate judge demonstrated that Watson failed to meet the standards established in    *Batson v.*

*Kentucky* , 476 U.S. 79 (1986). In short, Oklahoma prosecutors provided sufficient race-neutral explanations for each peremptory challenge, and the record does not support Watson's claim that prosecutors discriminated on the basis of race.

**D.      Sentence Enhancement**

Finally, Watson claims the trial court improperly increased his sentence by using prior convictions which arose from a single criminal episode. Again, as the magistrate judge explained, this claim fails. Watson conceded five prior convictions. Oklahoma sentencing law allowed for the enhancement after only two convictions. Thus, Watson cannot show any harm arising from the use of convictions that may have arisen from a single criminal episode.

Accordingly, we DENY a COA and DISMISS the appeal, and we DENY Appellant's motion to proceed      *in forma pauperis* .

Entered for the Court

Timothy M. Tymkovich
Circuit Judge