**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERRANCE LYNN McGUIRE,

Defendant-Appellant.

No. 14-6094
(D.C. Nos. 5:13-CV-00195-M &
5:09-CR-00283-M-1)
(W.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Terrance Lynn McGuire, a federal prisoner proceeding pro se, requests a

certificate of appealability (COA) to appeal the district court's denial of his 28

U.S.C. § 2255 motion. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253,

we DENY his request for a COA and DISMISS the appeal.

# I. Background

In 2007, McGuire kidnapped a ten-year-old girl in western Oklahoma and

drove her to Texas, where he sexually assaulted her several times. He then

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

released her in New Mexico. Two years later, in 2009, McGuire pleaded guilty to kidnapping of a minor in violation of 18 U.S.C. §§ 1201(a)(1) and (g)(1). As part of the plea agreement, he waived his right to appeal and to collaterally attack his conviction, sentence, and any other aspect of his conviction. Nevertheless, he later filed a federal habeas petition under 28 U.S.C. § 2255, claiming that his counsel was ineffective for failing to move to suppress evidence in the case, for representing McGuire despite a possible conflict of interest, and for failing to object to portions of his Presentence Investigation Report (PSR). The district court dismissed McGuire's petition on the grounds that McGuire's collateral attack on his conviction was barred by the collateral attack waiver in his plea agreement.

On appeal, McGuire asks us for a COA to appeal the district court's dismissal of his petition. He asserts that his plea agreement and the appeal waiver contained therein were not knowingly or intelligently executed because his counsel did not move to suppress certain evidence.

## II. Discussion

We may grant a COA only if the defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When determining whether to grant a COA, we ask whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citations and internal quotation marks omitted).

"[A] waiver of § 2255 rights in a plea agreement is generally enforceable." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). A collateral-attack waiver is enforceable if: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) the enforcement of the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325. We will "enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver." *Cockerham*, 237 F.3d at 1187. Accordingly, "a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.*

McGuire appears to argue on appeal that his claim falls within the *Cockerham* exception because his lawyer's failure to move to suppress certain evidence rendered his plea agreement involuntary and unintelligent. The only plausible reference to this claim before the district court related to McGuire's claim that he received ineffective assistance in negotiating the plea because of his lawyer's alleged conflict of interest. The district court addressed this point, finding that it lacked merit because the alleged conflict arose after the plea

agreement had been executed. *United States v. McGuire*, No. 10-6102, slip. op. at

*2 (10th Cir. Oct. 18, 2011). McGuire's sole argument before us is that his plea

agreement was not executed knowingly and voluntarily because his counsel failed

to move to suppress certain evidence. Although we construe his pleadings

liberally, we do not act as McGuire's advocate. *Yang v. Archuleta*, 525 F.3d 925,

927 n.1 (10th Cir. 2008). Accordingly, we find this claim was not presented to

the district court and is therefore waived on appeal. *United States v. Windrix*, 405

F.3d 1146, 1156 (10th Cir. 2005); *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir.

1999).[1]

McGuire has also arguably waived the remaining ineffective-assistance-of-

counsel claims he made to the district court because, although he presented some

version of them to the district court, he has entirely retooled these claims on

appeal. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003)

(applicant waived his claim on appeal "because he failed to address that claim in

either his application for a COA or his brief on appeal"); *Rhine*, 182 F.3d at 1154.

Construing his filings liberally, however, we reach the merits of the ineffective-

assistance-of-counsel claims he made below, but nevertheless conclude that

---

[1] Even if we reached the merits, the claim does not support the grant of a COA. As we explain below, nothing in the record supports McGuire's assertions that his lawyer offered him ineffective assistance in negotiating or entering his plea agreement or the waiver contained therein.

McGuire has failed to make a substantial showing of the denial of a constitutional right as to those claims.

### A. *Scope of the Waiver*

McGuire's plea agreement contains a broad waiver of his right to appeal and collaterally attack his conviction. The plea agreement states that McGuire "knowingly and voluntarily waives his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." App. Vol. I at 33. McGuire's claims below regarding his counsel's failure to move to suppress certain evidence therefore fall within the scope of the waiver.

### B. *Knowing and Voluntary Waiver*

In determining whether a defendant knowingly and voluntarily waived his right to appeal, we look to "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. The defendant bears the burden of showing that he did not knowingly and voluntarily waive the right to appeal. *United States v. Ochoa-Colchado*, 521 F.3d 1292, 1299 (10th Cir. 2008).

In determining whether the waiver of appeal was knowing and voluntary, we may consider the entire plea agreement. *United States v. Rollings*, 751 F.3d 1183 (10th Cir. 2014). In that case, we looked to whether the defendant

understood the *nature of the charges* against him, as well as the consequences of entering a guilty plea. *See id.* at 1193–94. The consequences of the plea agreement include the waiver of constitutional rights, as well as the possible penalties. *See id.* at 1190.

Here, there is no question based on the plea petition, plea agreement, and Rule 11 colloquy, that McGuire understood the nature of the charges against him, the rights he gave up when he entered the guilty plea, and the possible penalties for the offense. The plea agreement states that "defendant acknowledges that he has discussed [the terms of the plea agreement] with his attorney and understands and accepts those terms." App. Vol. 1 at 34. His plea petition also confirms that he understood the nature of the charges against him and had the opportunity to speak with his lawyer about his case, that he understood the rights he was surrendering by pleading guilty, and the statutory maximum and minimum sentences for his offense. McGuire's plea petition also states that his plea and waiver were made "voluntarily and completely of [his] own free choice." *Id.* at 24. Finally, the Rule 11 colloquy confirms that McGuire knowingly and voluntarily entered into the plea agreement and was fully informed of the nature of the charges against him, as well as the rights he was giving up in his plea agreement and waiver.

## C.  *Miscarriage of Justice*

Finally, we consider "whether enforcing the waiver will result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1327.  Such a miscarriage of justice would occur only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (citations omitted).

McGuire argues that it would be a miscarriage of justice to enforce the waiver because he received ineffective assistance of counsel when his lawyer failed to move to suppress certain evidence.  Even assuming McGuire preserved this claim by presenting it to the district court, the record fails to support McGuire's assertions that his counsel's performance in negotiating his guilty plea and the plea agreement was constitutionally deficient, or that he suffered any prejudice.  There is nothing else in the record indicating that his claims are subject to the other exceptions that would make enforcement of the waiver a miscarriage of justice.  Thus, enforcement of the plea agreement waiver will not result in a miscarriage of justice.

# III. Conclusion

We agree with the district court that no reasonable jurist could conclude that McGuire has made a substantial showing of a violation of his constitutional rights. Accordingly, we DENY McGuire's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge