**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL J. MALLISH,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director of
the Colorado Department of Corrections;
CYNTHIA COFFMAN, Attorney General
of the State of Colorado,

     Respondents - Appellees.

No. 16-1254
(D.C. No. 1:15-CV-02470-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Michael Mallish seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss

the appeal.

**I**

Mallish was charged in Colorado state court with felony menacing, attempted

escape, criminal mischief, and harassment in connection with a domestic dispute.

During pre-trial proceedings, Mallish became convinced that the victim, the

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prosecutor, and defense counsel knew each other and were conspiring against him. Concerned over Mallish's paranoia, his public defender filed a sealed motion for an out-of-custody competency evaluation. At a hearing on the motion, defense counsel changed her request to an in-custody competency evaluation, citing "safety concerns due to potential psychosis." Over Mallish's objection, the court granted counsel's request.

Mallish was subsequently deemed competent to stand trial. Although there is some confusion regarding the length of time Mallish was in custody awaiting the competency evaluation, he was credited with 74 days of confinement. Mallish later asserted a conflict with defense counsel. After hearing from both Mallish and his attorney, the court concluded that any personal conflict between the two did not warrant substitution of counsel.

A jury convicted Mallish of two counts of criminal mischief, one count of attempted escape, and one count of harassment. He was sentenced as a habitual offender to twelve years' imprisonment. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari. Mallish filed a § 2254 petition in federal court. The district court denied relief and declined to issue a COA. Mallish now seeks a COA from this court.

## II

A petitioner may not appeal a district court order denying federal habeas relief without a COA. § 2253(c)(1). We will grant a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." § 2253(c)(2). To meet

2

this standard, Mallish "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a claim was adjudicated on the merits in state court, a petitioner must show the state court adjudication "was based on an unreasonable determination of the facts" or "was contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1)-(2).

## A

Mallish contends he was deprived of his Sixth Amendment right to counsel when his public defender requested an in-custody competency evaluation. The Colorado Court of Appeals held that Mallish's disagreement with this request was insufficient to establish a Sixth Amendment violation and noted that defense counsel was obligated to inquire into Mallish's competency.

The Sixth Amendment guarantees criminal defendants the right to "counsel acting in the role of an advocate." United States v. Cronic, 466 U.S. 648, 656 (1984) (quotation omitted). However, defense counsel also has a duty to "move for evaluation of the defendant's competence to stand trial whenever the defense counsel has a good faith doubt as to the defendant's competence." United States v. Boigegrain, 155 F.3d 1181, 1188 (10th Cir. 1998) (quoting ABA Standards for Criminal Justice, Standard 7-4.2(c)). Thus, we have held that "defense counsel may move for a competency determination against a client's wishes without violating the Fifth or Sixth Amendment." Id. Mallish contends this rule should not apply with respect to in-custody competency determinations but does not direct us to any clearly

3

established federal law to that effect. Accordingly, he is not entitled to relief on this claim. See § 2254(d)(1).

**B**

Mallish also argues that the state trial court violated his rights to substantive and procedural due process when it ordered that he be taken into custody to undergo a competency evaluation. We agree with the district court that these claims are moot.

A claim becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quotation omitted). As a result of his conviction, Mallish was sentenced to twelve years' imprisonment and credited for the 74 days he spent in custody awaiting the competency evaluation. Claims regarding pre-trial detention are generally mooted by a subsequent conviction. See Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (per curiam) (holding that appellee's constitutional challenge to denial of pre-trial bail was mooted by his subsequent conviction). Although there is an exception to the mootness doctrine for claims "capable of repetition, yet evading review," Mallish has not demonstrated "a reasonable expectation that [he will] be subjected to the same action again." Id. at 482 (quotation omitted).

**C**

In his third claim, Mallish asserts that the trial court exceeded its authority under Colo. Rev. Stat. § 16-8.5-105(1)(a) (2013) by sending him to a county jail rather than to the Colorado Department of Human Services pending his competency

4

evaluation. However, the district court correctly held that claims of state-law error are not cognizable on federal habeas review. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("[F]ederal habeas corpus relief does not lie for errors of state law." (quotation omitted)).

## D

Finally, Mallish argues that his Sixth Amendment rights were violated when the state trial court denied him substitute counsel. A defendant seeking substitution of counsel must show "good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." See United States v. Padilla, 819 F.2d 952, 955 (10th Cir. 1987) (quotation omitted). A prisoner may demonstrate ineffective assistance of counsel by showing that "an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).

Mallish alleged a conflict with his public defender stemming from: (1) his belief that defense counsel had a personal relationship with the victim and the prosecutor; (2) disagreements over trial strategy; and (3) defense counsel's request that he undergo an in-custody competency evaluation. The Colorado Court of Appeals reasonably concluded that Mallish did not establish good cause. Mallish's unfounded insistence that his attorney was conspiring with the victim and prosecutor is insufficient grounds for relief. See Romero v. Furlong, 215 F.3d 1107, 1114 (10th Cir. 2000) ("A breakdown in communication warranting relief under the Sixth Amendment cannot be the result of a defendant's unjustifiable reaction to the

5

circumstances of his situation.").  Nor do disagreements over trial strategy suffice.

See United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002).  Finally, Mallish has

failed to rebut the state court's finding that any conflict or breakdown stemming from

counsel's request for a competency evaluation did not persist through trial so as to

prevent an adequate defense.[1]

## III

For the reasons stated above, we **DENY** a COA and **DISMISS** the appeal.

Appellant's motion to proceed *in forma pauperis* is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Mallish does not challenge the district court's dismissal of his prosecutorial misconduct claim or his claim that the trial court deprived him of his right to counsel of choice when it declined to substitute privately retained counsel for the court-appointed public defender.  Therefore, we do not consider these claims.  See United States v. Springfield, 337 F.3d 1175, 1178 (10th Cir. 2003) (claim waived if petitioner "failed to address that claim in either his application for a COA or his brief on appeal").

6