**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIK SANCHEZ,

    Petitioner - Appellant,

v.

TERRY JACQUES, Warden of the Limon
Correctional Facility,

    Respondent - Appellee.

No. 20-1253
(D.C. No. 1:20-CV-00427-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Erik Sanchez, a Colorado state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to challenge a district court order denying his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. He also moves to supplement the

record and to proceed in forma pauperis. Although we grant Sanchez's motion to

proceed in forma pauperis, we deny both his motion to supplement the record and his

request for a COA.

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Sanchez appears pro se, we liberally construe his pleadings,
stopping short of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972,
975 (10th Cir. 2009).

**BACKGROUND**

## I.    State Court Proceedings

In June 2016, several Colorado police officers in patrol cars pursued Sanchez after an officer spotted him speeding through a residential area in his car. One of the police officers—in a fully marked patrol car with his lights and siren activated—tried to pull Sanchez over but was unable to do so. Sanchez eventually stopped in a Taco Bell parking lot allegedly to meet friends for dinner. Two officers pulled their SUV behind his car, got out, and, with guns drawn, ordered Sanchez and his passenger to exit the car.

In response, Sanchez twice rammed the back of his car into the officers' SUV.[2] Sanchez then sped away, forcing another officer standing in front of Sanchez's car to jump out of the way to avoid being run over. Another car chase ensued. Ultimately, Sanchez crashed and abandoned his car, and officers arrested him as he tried to flee on foot.

On June 10, 2016, Sanchez was charged in Colorado state court with two counts of first-degree assault, two counts of attempted first-degree assault by extreme indifference, one count of vehicular eluding, and one count of possession of drug paraphernalia. On March 10, 2017, he pleaded guilty to two of the five charges— attempted first-degree assault by extreme indifference and vehicular eluding. At the

---

[2] Sanchez denied backing his car into the officers' SUV a second time.

plea hearing, the government set forth a short factual basis covering the entire episode:

> On June 10th just after midnight, Mr. Sanchez, you were operating a motor vehicle. There was a chase.
>
> At some point you were corralled behind a Taco Bell. Officers got out of the car; you back up towards them, hit the car, backed up again, hit the car again. They got out of harm's way and you drove away.

R. at 85. After accepting Sanchez's two guilty pleas, the trial court sentenced Sanchez to two consecutive terms of imprisonment: six years for the attempted assault and three years for the vehicular eluding.

On July 24, 2017, Sanchez filed in the trial court a "Motion to Correct Illegal Sentence" ("Rule 35(a) Motion") under Colorado Rule of Criminal Procedure 35(a). In short, he argued that Colorado law required the trial court to impose concurrent sentences because the charges arose out of the same incident and identical evidence supported both convictions. *See* Colo. Rev. Stat. § 18-1-408(3). In a single sentence near the end of the Rule 35(a) Motion, Sanchez asserted that the "[t]rial court's order to run Mr. Sanchez's [sentences consecutively] violated Mr. Sanchez's 8th and 14th Amendments to the Constitution of the United States and the due process clause of . . . Colorado's Constitution." R. at 131.

The trial court denied the Rule 35(a) Motion, ruling that identical evidence didn't support Sanchez's two convictions. The trial court explained that, although the assault "was committed the moment [Sanchez] accelerated his car into the officers' SUV," the vehicular eluding began when the officers tried to stop Sanchez before he

3

stopped at Taco Bell "and continued as [officers] attempted to arrest [Sanchez] at the Taco Bell." *Id.* at 137. This defeated Sanchez's one-sentence constitutional claim.

Sanchez appealed the decision to the Colorado Court of Appeals. In his opening brief, Sanchez advanced three arguments. First, Sanchez reasserted his state-law statutory argument that the court could impose only concurrent sentences, because, he said, identical evidence supported his two convictions. Second, he asserted that the allegedly insufficient factual basis for the vehicular-eluding charge violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[3] Third, he asserted (in a new claim) that the trial court denied him the opportunity to dispute the sufficiency of the factual basis relied on for the vehicular-eluding charge, in violation of his right under the Sixth Amendment's Confrontation Clause (not specifying what in the record supported this allegation).

The Colorado Court of Appeals affirmed. Having reviewed the factual basis the trial court established for the attempted assault charge at the plea hearing, the court held that the proffered basis "in fact provided a factual basis for both counts." *Id.* at 85. Because the factual basis recounted Sanchez's ramming his car into the officers' SUV and his eluding before and after this ramming, the court found that the trial court had not erred by imposing consecutive sentences.

---

[3] Sanchez's Rule 35(a) Motion in the trial court referenced only a violation of his "Fourteenth Amendment" rights; he didn't specifically discuss his due process and equal protection rights until his opening brief in the Colorado Court of Appeals.

As to Sanchez's federal claims, the court denied them on both procedural grounds and on the merits. Because Sanchez had raised his constitutional claims "for the first time on appeal," the court concluded he had forfeited them. *Id.* at 82. Regardless, the court also denied them on the merits because "there was a factual basis for the vehicular eluding count." *Id.* at 82 n.1.

## II. Federal Court Proceedings

In his § 2254 petition for a writ of habeas corpus, Sanchez reasserts the same constitutional arguments he raised in the Colorado Court of Appeals. He premises his constitutional claims on his disagreement with that court's conclusion that Sanchez's factual basis covered both convictions.

The magistrate judge didn't reach the merits of Sanchez's claims. Instead, he recommended denying Sanchez's petition on grounds that Sanchez had not fairly presented his federal constitutional claims to Colorado's state courts. Further, the magistrate judge found that Sanchez's claims were procedurally barred because Colorado rules would preclude Sanchez from returning to Colorado's courts to exhaust his federal claims. After considering the magistrate judge's report de novo, the district court adopted the report, denied Sanchez a COA, and dismissed the case.

## DISCUSSION

Under 28 U.S.C. § 2253(c)(1)(A), Sanchez may appeal the district court's decision only if we issue a COA. To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejected the petitioner's habeas application on

5

procedural grounds, he must show (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Although "[t]he procedural issue is frequently the easier one to resolve," *Burke v. Bigelow*, 792 F. App'x 562, 564 (10th Cir. 2019), here, we conclude the issue whose answer is more apparent concerns whether the petition states a valid claim of the denial of a constitutional right. When we deny a COA on the first prong, "we need not examine the district court's procedural ruling." *United States. v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "the standard of review applicable to a particular claim depends on how that claim was resolved by the state courts." *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011) (citation omitted). When the state court has adjudicated a claim on the merits, we may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). And we must apply AEDPA's deferential

6

standard for evaluating state-court rulings when considering requests for a COA. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA.").

We first consider whether the state court adjudicated Sanchez's federal claims on the merits. Sanchez argues that "[i]ts clear the Colorado Court of Appeals ruled on the merits of Mr. Sanchez's federal habeas corpus claims." Opening Br. 35. We agree. On plain error review, the Colorado Court of Appeals rejected Sanchez's federal constitutional claims because "there was a factual basis for the vehicular eluding count."[4] R. at 82 n.1. Because the state adjudicated Sanchez's claims on the merits, Sanchez can obtain a COA only if reasonable jurists could debate whether the state's adjudication was contrary to clearly established federal law or was based on an unreasonable determination of the facts. Sanchez fails to meet that burden.

---

[4] When a state court summarily denies relief for a federal claim on plain-error review, whether its disposition is entitled to § 2254(d) deference "depends on the substance of the plain-error disposition." *Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003). "A state court may deny relief for a federal claim on plain-error review because it finds the claim lacks merit under federal law. In such a case, . . . the state court's disposition would be entitled to § 2254(d) deference because it was a form of merits review." *Id.* (internal citation omitted). But sometimes a state court's cursory explanation prevents the court from determining whether the court's review was merits-based. *Douglas v. Workman*, 560 F.3d 1156, 1178 (10th Cir. 2009). In such instances, "our cases require us to assume that the state's review is on the merits and thus afford it § 2254(d) deference." *Id.* (applying § 2254(d) deference where the state court's opinion stated only that it "reviewed" the petitioner's prosecutorial misconduct claims that were not properly preserved and found no plain error) (citation omitted). Thus, although the Colorado Court of Appeals didn't detail its reasons for denying relief, we must assume its review was on the merits.

"Whether the law is clearly established is the threshold question under § 2254(d)(1)." *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) (citation omitted). "That is, without clearly established federal law, a federal habeas court need not assess whether a state court's decision was 'contrary to' or involved an 'unreasonable application' of such law." *Id.* at 1017 (quoting § 2254 (d)(1)) (citation omitted). "Clearly established law is determined by the United States Supreme Court, and refers to the Court's 'holdings, as opposed to the dicta.'" *Id.* at 1015 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)). Sanchez fails to direct us to any Supreme Court precedent holding that a state trial court's failure to identify which specific facts support a defendant's vehicular eluding charge violates the defendant's constitutional rights. Nor has our independent research identified any such case. This absence of clearly established law "is dispositive under § 2254(d)(1)." *Id.* at 1018.

Sanchez's petition fares no better under § 2254(d)(2). Section 2254(d)(2) presents "a daunting standard—one that will be satisfied in relatively few cases." *Byrd*, 645 F.3d at 1172 (citation omitted). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the [state] court's determination." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (brackets, ellipsis, and internal quotation marks omitted).

Reasonable jurists couldn't debate whether the state court's adjudication was based on an unreasonable determination of the facts. The Colorado Court of Appeals reviewed the factual basis the trial court established at the plea hearing and concluded that "the factual basis provided for the attempted assault count in fact

8

provided a factual basis for both counts." R. at 85. That is, while the attempted first-degree assault conviction "was based on Sanchez's act of driving his car into the officer's vehicle," the vehicular-eluding conviction "was based on the chase that occurred before the attempted assault and the chase that occurred when Sanchez drove away from the scene in his car after the attempted assault." *Id.* Accordingly, the court ruled that "the evidence supporting the attempted assault charge was not identical to the evidence supporting the eluding charge," so the trial court "was not required to sentence Sanchez concurrently." *Id.* at 86. We find no error in the Colorado Court of Appeals' factual findings that support its holding.

In sum, reasonable jurists couldn't debate whether the state court's adjudication was contrary to clearly established federal law or was based on an unreasonable determination of the facts.

## CONCLUSION

For the foregoing reasons, we conclude that jurists of reason couldn't debate whether Sanchez's petition states a valid claim of the denial of a constitutional right. We thus **DENY** Sanchez's request for a COA and **DISMISS** this matter.

We further deny Sanchez's motion to supplement the record but grant his motion to proceed on appeal in forma pauperis. For Sanchez's benefit, we note that 28 U.S.C. § 1915 doesn't allow litigants to avoid payment of filing and docketing fees—only the *prepayment* of those fees.

9

He is still required to pay the full amount of the filing fee in this matter. *See* § 1915(b).

Entered for the Court


Gregory A. Phillips
Circuit Judge