**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

LUIS GOMEZ-CASTRO,

　　Defendant - Appellant.

No. 25-4051
(D.C. Nos. 2:24-CV-00728-DN &
2:16-CR-00267-DN-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Luis Gomez-Castro, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order dismissing his 28 U.S.C.

§ 2255 motion as untimely. Since Gomez-Castro raises no argument that reasonable

jurists could debate the district court's timeliness ruling, we deny his COA request and

dismiss this matter.

A jury convicted Gomez-Castro of possessing methamphetamine with intent to

distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 151

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Although we liberally construe Gomez-Castro's pro se filings, we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

months of imprisonment and 60 months of supervised release. We affirmed the conviction and sentence. *United States v. Gomez-Castro*, 839 F. App'x 238, 240 (10th Cir. 2020). The Supreme Court denied certiorari on October 12, 2021.

Several years later, in September 2024, Gomez-Castro filed a motion to vacate, set aside, or correct his conviction and sentence under § 2255. The district court entered a show-cause order directing Gomez-Castro to explain why his motion should not be dismissed as untimely. *See* § 2255(f)(1) (requiring § 2255 motions to be filed within, as relevant here, one year of "the date on which the judgment of conviction becomes final"). After considering Gomez-Castro's response to the show-cause order, the district court denied his § 2255 motion as untimely and, in the alternative, as lacking "specific factual allegations, substantive analysis, or explanation with legal authority" to support his alleged constitutional violations. R. vol. 1, 46. The district court also declined to issue a COA. Gomez-Castro now requests a COA from this court. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal from "the final order in a proceeding under [§] 2255").

When a district court denies a § 2255 motion on procedural grounds as well as on the merits, we will grant a COA if the movant can "show[], at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). If we conclude that reasonable jurists would not debate the district court's procedural ruling, we need not address the constitutional question. *Id.* at 485.

2

Gomez-Castro's arguments are not entirely clear, and he doesn't appear to directly challenge the district court's procedural ruling that his § 2255 motion was untimely. He does suggest, however, that his motion could not have been untimely because it includes a challenge to the district court's jurisdiction, and "[j]urisdictional issues can be raised at any[ ]time." Aplt. Br. 6. But a court's power to address jurisdiction at any point while a case is ongoing does not excuse a movant from meeting § 2255(f)'s one-year deadline for seeking relief. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) (observing that § 2255(a) "specifically recognizes claims 'that the court was without jurisdiction' but does not except such claims from the one-year limitations period" (cleaned up) (quoting § 2255(a))); *Warnick v. Harpe*, No. 22-5042, 2022 WL 16646708, at *2 (10th Cir. Nov. 3, 2022) (unpublished) (denying an untimely COA request despite pro se prisoner's argument that jurisdictional challenges "can be raised at any time").[2] So Gomez-Castro's argument does not, in fact, challenge the district court's timeliness ruling. The same is true of Gomez-Castro's vague allusions to several constitutional amendments. Gomez-Castro has therefore waived any argument that reasonable jurists could debate the district court's timeliness ruling. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (finding waiver where defendant "failed to address . . . claim in either his

---

[2] We cite this unpublished decision for its persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

application for a COA or his brief on appeal"). So we deny his COA request and dismiss this appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge