**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TELANTO D. HARVEY,

Defendant-Appellant.

No. 04-3378
(D. Kan.)
(D.Ct. Nos. 04-CV-3154-MLB and
02-CR-10064-MLB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

Appellant Telanto D. Harvey, a federal inmate appearing *pro se*, seeks a

certificate of appealability to appeal the district court's order dismissing his

motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

His claims center on allegations he entered his guilty plea unknowingly and

involuntarily, and his counsel acted ineffectively at the time of his guilty plea.

We deny Mr. Harvey's request for a certificate of appealability,[1] and dismiss his

---

[1] The district court made no ruling on Mr. Harvey's request for a certificate of
appealability. "Under our Emergency General Order of October 1, 1996, we deem the
district court's failure to issue a certificate of appealability within thirty days after filing

appeal.

After Mr. Harvey pled guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j), the district court sentenced him to seventy-two months imprisonment. In his plea agreement, Mr. Harvey waived both his appellate and collateral appeal rights.[2] Following his conviction and sentence, Mr. Harvey unsuccessfully filed a direct appeal, pursuant to an *Anders* brief, in which this court determined Mr. Harvey knowingly and voluntarily waived his appellate rights in his plea agreement.

On May 10, 2004, Mr. Harvey filed the instant § 2255 motion, again raising the issue of whether his guilty plea was knowing and voluntary, as well as issues concerning ineffective assistance of counsel with respect to his guilty plea. Specifically, Mr. Harvey claimed: 1) his attorney failed to raise objections to the presentencing report which he wanted raised; 2) his attorney failed to do an independent investigation and explore a better plea bargain; and 3) his guilty plea

the notice of appeal as a denial of the certificate." *United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).

[2] Because Mr. Harvey failed to include the plea agreement and transcript of his plea hearing in the record on appeal, we rely on the district court's assessment of the plea agreement and hearing as well as our prior order on direct appeal determining Mr. Harvey knowingly and voluntarily waived his appeal rights.

was not voluntary because: a) he received a sentence greater than the sentence his attorney discussed, and b) he was under heavy medication at the time of his plea and sentencing.

In considering Mr. Harvey's § 2255 motion, the district court recognized a defendant may waive the statutory right to a direct or collateral appeal, unless the waiver falls within certain exceptions announced in *United States v. Cockerham*, 237 F.3d 1179, 1182-83 (10th Cir. 2001).[3] The district court then reviewed the presentencing objections Mr. Harvey claimed he attempted to raise and determined none had merit or would have resulted in a different sentence if raised. The district court also rejected Mr. Harvey's other arguments, determining they did not fall within the narrow exceptions articulated in *Cockerham*, and even if they did fit within those exceptions, they nevertheless lacked merit, given Mr. Harvey, during a colloquy under oath at his plea hearing: 1) acknowledged satisfaction with his counsel's advice; 2) admitted no one promised him a particular sentence and, if such a promise was made, knew the person making it had no authority to do so; and 3) acknowledged his

---

[3] For example, the exceptions to the waiver of the statutory right to appeal include instances where 1) the district court relied on an impermissible factor, such as race; 2) counsel afforded ineffective assistance of counsel in connection with the negotiation of the wavier; or 3) the waiver is otherwise unlawful. *See United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004).

understanding the court would determine his sentence.

The district court also pointed out that for the same reasons this court found Mr. Harvey knowingly and voluntarily waived his right to a direct appeal, it likewise found he knowingly and voluntarily waived his right to file a § 2255 motion. Specifically, with respect to Mr. Harvey's allegation he did not understand the consequences of his guilty plea because he was affected by medication, the district court found his argument "diametrically contrary" to both his sworn guilty plea petition and representations made during his plea hearing, in which he stated his mind was clear, he was not under the influence of alcohol or drugs, and had not taken any drugs, legal or illegal, in the twenty-four hours preceding his plea. Accordingly, the district court entered an order denying Mr. Harvey's § 2255 motion.

On appeal, Mr. Harvey renews his request for a certificate of appealability, and raises two of the same issues raised in his petition; namely, he contends his counsel 1) promised a lesser sentence than he received, and 2) failed to make requested objections to the presentencing report. Mr. Harvey fails, however, to raise the issue his guilty plea was not knowing or voluntary because he was on medication, or the contention his counsel failed to do an independent

investigation and explore a better plea bargain. Accordingly, we consider these issues abandoned or waived on appeal. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004). Finally, for the first time on appeal, Mr. Harvey summarily contends "[t]he court was further in violation for not giving advance notice of two point enhancement" and "[t]he court also did not prove two point enhancement was warranted or factual and the government bears the burden of proof."

An appeal may not be taken from a final order in a § 2255 proceeding without a certificate of appealability. 28 U.S.C. § 2253(c)(1). In order for a movant to be entitled a certificate of appealability, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation marks, alteration, and citation omitted). This is a threshold inquiry we apply to determine whether we may entertain an appeal. *See id.* at 336. Finally, we construe *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404

U.S. 519, 520 (1972).

Applying these principles, we have conducted a thorough review of the pleadings, the record on appeal, and the district court's decision. For purposes of judicial economy, we decline to duplicate the district court's analysis on the issues presented, other to conclude Mr. Harvey clearly fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). We do, however, briefly address Mr. Harvey's new contention on appeal that "[t]he court was further in violation for not giving advance notice of two point enhancement" and "[t]he court also did not prove two point enhancement was warranted or factual and the government bears the burden of proof."

Neither Mr. Harvey nor the record presented on appeal disclose the type of enhancement he may have received or the circumstances underlying its application to his sentence. Standing alone, Mr. Harvey's general, two-sentence contention is insufficient to overcome the waiver of his statutory right to file a § 2255 motion, and does not fall within any exception to such a waiver. Moreover, we generally will not consider conclusory or unsupported claims, *see Hall v. Bellmon*, 935 F.2d 1106, 1113-14 (10th Cir. 1991); craft or fashion a *pro se* litigant's arguments without supporting factual averments, *see United States v.*

-6-

*Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); or exercise jurisdiction on issues not raised or addressed below, *see Walker v. Mather (in re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Thus, for the reasons articulated herein, and for substantially the same reasons set forth in the district court's September 10, 2004 order, we **DENY** Mr. Harvey's request for a certificate of appealability, **DENY** his request to proceed *in forma pauperis*, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge