FILED
United States Court of Appeals
Tenth Circuit

October 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LLOYD JONATHAN FRY,

Defendant - Appellant.

No. 15-2083
(D.C. Nos. 2:14-CV-01045-SWS-KBM
and 2:13-CR-03357-SWS-1)
(D. of N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **HARTZ**, Circuit Judges.

Lloyd Jonathan Fry, a federal prisoner proceeding pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Fry alleges a number of constitutional violations, but most of those were waived as part of a plea bargain. The ineffective assistance of counsel claim that was not waived lacks merit.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY his request for a COA and DISMISS the appeal.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Fry and a companion entered a U.S. Border Patrol checkpoint near Alamogordo, New Mexico, located about 70 miles north of the U.S.-Mexico border. As Fry waited in line, a trained Border Patrol canine alerted to the right side of Fry's motorcycle, which was being towed on a trailer attached to Fry's vehicle. After moving Fry to a secondary inspection area, agents had the canine again sniff the area. The canine alerted once more, and the agents searched Fry's vehicle and trailer. The agents discovered firearms, ammunition, two pounds of marijuana, scales, grow lights, drug paraphernalia, and four pipe bombs.

Fry pleaded guilty to the knowing receipt and possession of four pipe bombs in violation of 26 U.S.C. §§ 5841, 5845(a)(8), 5861(d), and 5871. As part of the plea agreement, he waived his right to appeal or collaterally attack his conviction, sentence, or any other aspect of his conviction, "except on the issue of counsel's ineffective assistance in negotiation or entering this plea or this waiver." R. at 40. Nevertheless, he later filed a federal habeas petition under 28 U.S.C. § 2255, claiming that his counsel was ineffective for waiving his rights, "threatening" Fry with a 30-year prison sentence, preventing Fry from telling the judge he had been coerced into accepting the plea, failing to file a motion to suppress evidence, failing to object to a four-level sentencing enhancement, and failing to provide fair and impartial representation. Fry also claimed his conviction violated the Second Amendment. The district court dismissed Fry's

petition on the grounds that most of Fry's collateral attack of his conviction was barred by the collateral attack waiver in his plea. The district court held that any claims not barred by the waiver failed on the merits.

On appeal, Fry asks us for a COA to appeal the district court's dismissal of his petition. Fry asserts that the search of his vehicle, his arrest, and his conviction violate the Second and Fourth Amendments. He also claims that his counsel was ineffective for failing to file a suppression motion and for coercing him into signing the plea and waiver.

## II. Discussion

We may grant a COA only if the defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When determining whether to grant a COA, we ask whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citations and internal quotation marks omitted).

"[A] waiver of § 2255 rights in a plea agreement is generally enforceable." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). A collateral attack waiver is enforceable if: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) the enforcement of the waiver would not

result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325. A miscarriage of justice occurs (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. *Id.* at 1327.

We will "enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver." *Cockerham*, 237 F.3d at 1187. Accordingly, "a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.*

### A. Second and Fourth Amendment Claims

We construe Fry's pleadings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Fry's appellate brief repeatedly argues that his stop, arrest, and conviction violate the Constitution. Specifically, he claims the seizure of his firearms violated the Second and Fourth Amendment. The district court found these claims waived by the plea agreement. Reviewing under the *Hahn* framework, we agree that these claims are covered by the plea agreement's waiver provision, and that this provision is enforceable.

First, these claims fall within the broad scope of the waiver provision because they do not concern trial counsel's ineffectiveness in negotiating the plea.

*Hahn* next requires that the waiver be made "knowingly and voluntarily." *Hahn*, 359 F.3d at 1325. Fry's appellate brief—construed liberally—appears to argue that his waiver was not made voluntarily because his counsel "coerced" him into signing it. In determining whether a defendant knowingly and voluntarily waived his right to appeal, we look to "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id*. The defendant bears the burden of showing that he did not knowingly and voluntarily waive the right to appeal. *United States v. Ochoa-Colchado*, 521 F.3d 1292, 1299 (10th Cir. 2008).

We agree with the district court's thorough order that the waiver was made knowingly and voluntarily. At Fry's change of plea hearing, the court explained the terms of the plea, confirmed that Fry understood he was giving up his appellate rights, and confirmed that Fry understood he could not challenge the stop, search, or seizure of his belongings. Finally, Fry admitted at the hearing that he was satisfied with his attorney's advice and representation, and that no one was forcing or threatening him to plead guilty. The plea agreement clearly states that Fry "freely and voluntarily" agrees to its terms. Based on our review of the record, we conclude the plea was entered into voluntarily and knowingly.

-5-

Finally, *Hahn* requires that enforcement of the waiver not result in a miscarriage of justice. Of the four potential grounds for finding a miscarriage of justice, only ineffective assistance of counsel potentially applies. As explained below, however, we find no ineffectiveness based on the record.

Fry's appeal waiver is enforceable and these claims are waived.

### B. Ineffective Assistance of Counsel Claims

Fry argues that his counsel was ineffective for (1) failing to file a suppression motion, and (2) for coercing him into accepting the plea. Fry has arguably waived the remaining ineffective-assistance-of-counsel claims he made to the district court because, although he presented some version of them to the district court, he has failed to present them on appeal. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (applicant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his brief on appeal"); *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

Fry's claim of ineffectiveness for failing to file a suppression motion fails for the same reasons as his Second Amendment claim. Fry's plea agreement allows collateral attacks only to counsel's ineffectiveness in negotiating the plea and waiver. Failing to file an evidence suppression motion does not fall within this narrow exception. We agree with the district court that this claim is waived.

Fry's other claim of ineffectiveness arguably does fall within the waiver's exception. Fry argues his trial counsel coerced him into signing the plea

agreement by threatening a 30-year prison sentence if he rejected it. Construed liberally, this argument describes ineffectiveness in "entering" the plea. So, we address the ineffectiveness claim on the merits, under the familiar framework of *Strickland v. Washington*, 466 U.S. 668 (1984). The magistrate judge found the coercion claim "frivolous in light of the record." R. at 133. We agree. The district court found that Fry's counsel did not coerce Fry into accepting the plea. Rather, his attorney explained that the government might choose to charge Fry with additional crimes under 18 U.S.C. § 924 if he rejected the plea deal. As the district court explained, Fry's possession of four pipe bombs would have subjected him to a 30-year mandatory minimum if charged under 18 U.S.C. § 924. Thus, the "threat" of 30-years' imprisonment was realistic legal advice, not coercion.

Fry's counsel was not constitutionally ineffective.

# III. Conclusion

We agree with the district court that no reasonable jurist could conclude that Fry has made a substantial showing of a violation of his constitutional rights. Accordingly, we DENY Fry's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

-7-