**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JENNIFER SANDERS,

    Defendant - Appellant.

No. 17-2122
(D.C. Nos. 1:16-CV-00831-RB-LF and
2:13-CR-03696-RB-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Jennifer Sanders, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's denial of her 28 U.S.C. § 2255

motion. For the reasons discussed below, we deny her request for a COA and dismiss

this matter.

**I**

Sanders pleaded guilty to one count of conspiracy to distribute

methamphetamine and seven counts of distributing methamphetamine. Although she

faced a maximum of life in prison, the district court imposed a 130-month sentence

_____

[*] This order isn't binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
*See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.
[1] Because Sanders appears pro se, we liberally construe her pleadings.
*Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

based on several downward departures. Sanders didn't appeal. In fact, Sanders waived her right to appeal as part of her plea agreement. That agreement included a "waiver of appeal rights," which stated that Sanders agreed to waive both her right to a direct appeal and her right to collaterally attack her sentence "except on the issue of [her] counsel's ineffective assistance in negotiating or entering th[e] plea or th[e] waiver." R. vol. 2, 22.

Nonetheless, Sanders filed a § 2255 motion challenging her sentence. She contended that her plea was the "product of coercion" because her attorney failed to explain how the sentencing guidelines work and led her to believe that she would receive a sentence of only a few years. R. vol. 1, 21. She also argued that her attorney provided ineffective assistance of counsel (IAC) by failing to argue for a minor-role adjustment, failing to file a direct appeal, and failing to investigate whether some of her prior convictions actually qualified as controlled-substance violations for purposes of her career-offender enhancement.

In response, the government argued that all of Sanders' claims fell within the scope of her collateral-attack waiver. A magistrate judge made proposed factual findings and recommended denying Sanders' motion because she had waived her right to collaterally attack her sentence. Sanders objected to the magistrate judge's findings and recommendation, but the district court adopted them, denied Sanders' motion, and declined to issue a COA. Sanders now seeks to appeal the district court's denial of her petition, but she must first obtain a COA. 28 U.S.C. § 2253(c)(1)(B).

2

## II

The district court denied Sanders' motion on procedural grounds: it enforced her collateral-attack waiver and didn't reach the merits of her § 2255 motion. When a district court denies a § 2255 motion on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed below, we conclude that reasonable jurists couldn't debate the district court's procedural ruling as to all but one of Sanders' claims. And even assuming that reasonable jurists could debate whether the district court correctly dismissed Sanders' remaining claim on procedural grounds, reasonable jurists couldn't debate whether that claim adequately alleges the denial of a constitutional right. Accordingly, we deny her request for a COA.

## A

We first consider whether reasonable jurists could debate the district court's conclusion that the collateral-attack waiver bars the claims in Sanders' § 2255 motion. Collateral-attack waivers are enforceable if: (1) the defendant's claims fall within the scope of the waiver, (2) the defendant knowingly and voluntarily waived her rights, and (3) enforcing the waiver won't result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (applying

3

appeal-waiver standard from *Hahn* to collateral-attack waivers). The district court considered each of these elements in turn.

First, the district court found that all of Sanders' IAC claims fell within the scope of the collateral-attack waiver and had "nothing to do with an allegation that her counsel was ineffective in negotiating the plea or the waiver." R. vol. 3, 93. With one exception, which we discuss below, Sanders makes similar IAC arguments to this court, insisting that her counsel should have investigated her career-offender enhancement and filed a direct appeal. But reasonable jurists couldn't debate the district court's conclusion that these claims fall within the scope of the waiver: they relate to Sanders' sentence and not the negotiation of the plea. *See Hahn*, 359 F.3d at 1325.

Second, the district court found that Sanders knowingly and voluntarily waived her right to collateral review. Whether a waiver of collateral review is knowing and voluntary depends primarily on two factors: (1) whether the plea agreement itself states that the defendant entered the agreement knowingly and voluntarily and (2) whether there was an adequate colloquy under Rule 11 of the Federal Rules of Criminal Procedure. *See id.* The district court carefully examined both of these factors—looking closely at the terms of the plea agreement and at the transcript of the plea hearing—and determined that Sanders' waiver was knowing and voluntary. No reasonable jurist could debate this conclusion: the plea agreement clearly stated the nature of the waiver; Sanders indicated that she understood and agreed to its terms; Sanders' counsel indicated that he had fully advised her about the

4

agreement; and at the plea hearing, the district court specifically discussed the waiver with Sanders.

Third, the district court concluded that enforcing the appeal waiver wouldn't result in a miscarriage of justice. *See United States v. Leyva-Matos*, 618 F.3d 1213, 1217 (10th Cir. 2010) ("[A] miscarriage of justice [results] only if (1) 'the district court relied on an impermissible factor such as race,' (2) counsel provided ineffective assistance in connection with the negotiation of the waiver, (3) 'the sentence exceeds the statutory maximum,' or (4) the waiver itself is otherwise unlawful." (quoting *Hahn*, 359 F.3d at 1327)). Sanders didn't argue below—and doesn't expressly argue here—that enforcing the waiver would result in a miscarriage of justice.

Instead, in seeking a COA, Sanders mainly asserts that the sentencing court incorrectly classified her as a career offender because at least one of her prior convictions shouldn't have counted as a controlled-substance offense (and that her counsel was ineffective for not pursuing this point at sentencing). But because Sanders' sentence doesn't exceed the statutory maximum, we aren't otherwise concerned with the lawfulness of her sentence;[2] instead, we are concerned only with the validity of her collateral-attack waiver. *See United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005) (enforcing appeal waiver even though defendant's

---

[2] For purposes of determining whether a waiver of appellate rights will result in a miscarriage of justice, "statutory maximum" means what it usually means: "the upper limit of punishment that Congress has legislatively specified for the violation of a given statute." *United States v. Green*, 405 F.3d 1180, 1191–94 (10th Cir. 2005). Here, the statutory maximum Sanders faced was life in prison; her 130-month sentence doesn't exceed that.

sentence was based on mandatory application of Guidelines provision that was subsequently held unconstitutional). That the sentencing court may have misapplied the career-offender provisions is irrelevant in the face of Sanders' knowing and voluntary waiver of her right to collaterally attack her sentence. *See United States v. Nguyen*, 235 F.3d 1179, 1184 (9th Cir. 2000) ("The whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit."). It is Sanders' burden to show that enforcing the waiver would result in a miscarriage of justice, and she hasn't done so here. *See Leyva-Matos*, 618 F.3d at 1217–18.

**B**

Last, we turn to Sanders' claim that her counsel was ineffective in advising her to enter the plea because he didn't explain the potential sentence she faced if she pleaded guilty. This claim arguably falls outside the scope of the collateral-attack waiver because it's a claim of "ineffective assistance in . . . entering th[e] plea." R. vol. 2, 22; *see also United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that waiver of postconviction rights doesn't waive right to bring § 2255 motion based on IAC claims challenging validity of plea); *United States v. Fry*, 629 F. App'x 823, 826–27 (10th Cir. 2015) (unpublished) (construing argument that counsel coerced defendant into signing plea agreement as implicating counsel's alleged ineffective assistance in "entering" plea). Nevertheless, we need not resolve this issue; even assuming this claim falls outside the scope of the collateral-attack waiver, Sanders is only entitled to a COA if she also demonstrates that reasonable jurists could debate whether she has stated "a valid claim of the denial of a

6

constitutional right." *Slack*, 529 U.S. at 484. She hasn't made that showing. The district court described Sanders' claim that her attorney didn't explain the Guidelines to her as "far-fetched" based on the record. R. vol. 3, 97. And reasonable jurists couldn't debate this conclusion: Sanders' after-the-fact allegation that her attorney didn't explain the possible sentences to her flies in the face of the plea agreement and the plea-hearing colloquy. *Cf. United States v. Harvey*, 126 F. App'x 916, 918 (10th Cir. 2005) (unpublished) (denying COA request where district court found that IAC arguments falling outside collateral-attack waiver lacked merit based on plea agreement and colloquy).

For instance, the plea agreement stated the maximum and minimum penalties for each count, including five counts for which the maximum penalty was life in prison. At the plea hearing, Sanders told the court that she understood the maximum and minimum penalties and that she had "spent about two hours" with her attorney discussing the plea. R. vol. 5, 13. Moreover, when the district court told Sanders that (1) anything counsel might have told her about her likely sentence was only counsel's "best estimate or guess," R. vol. 5, 15, and (2) the court would be free to sentence her up to the maximum sentence of life in prison, Sanders indicated that she understood. So even if this claim falls outside of Sanders' collateral-attack waiver—thus allowing "jurists of reason" to "debat[e] whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484—reasonable jurists couldn't debate that Sanders' bare allegations are insufficient to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

\*　　\*　　\*

Reasonable jurists couldn't debate the district court's procedural ruling that the collateral-attack waiver bars all but one of Sanders' IAC claims. And even if we assume reasonable jurists could debate whether the district court correctly dismissed Sanders' final IAC claim on procedural grounds, such jurists nevertheless couldn't debate whether it "states a valid claim of the denial of a constitutional right." *See Slack*, 529 U.S. at 484. Thus, we deny Sanders' COA request and dismiss the matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge

8