FILED
United States Court of Appeals
Tenth Circuit

June 13, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERNIE SACOMAN,

    Petitioner - Appellant,

v.

DWAYNE SANTISTEVAN, Warden,

    Respondent - Appellee.

No. 23-2196
(D.C. No. 2:21-CV-00045-JB-JMR)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Ernie Sacoman is serving a life sentence in New Mexico state prison. He seeks to appeal the district court's dismissal of his most recent habeas application. We deny his request for a certificate of appealability and dismiss this matter.

In 1987, a jury convicted Mr. Sacoman of murder and other crimes. The state trial court sentenced him to life in prison on the murder count and to concurrent prison terms on the remaining counts. The original judgment ordered him to serve two years of parole after his release. In 2011, however, the trial court modified the judgment to require at least five years of parole. Mr. Sacoman became eligible for parole after serving 30 years.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*See* N.M. Stat. Ann. § 31-21-10(A).  The parole board has denied him parole several times.  Against this background, he filed the habeas application underlying these proceedings.

A state prisoner can file a habeas application under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254.  Section 2254 is the proper vehicle to challenge the validity of a state conviction and sentence, and § 2241 is the proper vehicle to challenge the execution of a sentence.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  The determination of whether a habeas claim falls under § 2241 or § 2254 can have significant consequences.  For example, a district court lacks jurisdiction over the merits of a second or successive § 2254 claim unless the appropriate court of appeals has authorized the prisoner to file it.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Mr. Sacoman purported to file the habeas application in this case under § 2241.  His application raised two claims.  First, he argued that the trial court illegally modified his parole term from two to five years.  Second, he argued that the parole board should have granted him parole because he had "maintained clear conduct for over 30 years."  R. at 9.

The district court dismissed both claims on procedural grounds.  It concluded that Mr. Sacoman's challenge to the modification of his parole term was an unauthorized second or successive § 2254 claim.  And it concluded that he had not exhausted his state-court remedies for his challenge to the parole board's decisions.

Mr. Sacoman cannot appeal unless he obtains a certificate of appealability.  *See Montez*, 208 F.3d at 869.  We can grant him one only if he shows that reasonable jurists

2

would find it at least debatable (1) whether his habeas application "states a valid claim of the denial of a constitutional right" and (2) whether the district court's procedural rulings were correct. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Mr. Sacoman has not met this standard. In fact, he has not even tried to show that the district court's procedural rulings were debatable. He does not, for example, dispute that his challenge to the modification of his parole term was an unauthorized second or successive § 2254 claim. Nor does he dispute the district court's conclusion that he had not exhausted his challenge to the parole denials. By failing to address the district court's procedural rulings, he has waived any argument that reasonable jurists could debate them. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003). And that waiver dooms his application for a certificate of appealability.

We recognize that Mr. Sacoman represents himself. We have therefore construed his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But even the most liberal construction of Mr. Sacoman's papers reveals no argument against the district court's procedural rulings. And we cannot craft arguments against those rulings on his behalf because doing so would require us to take on an advocate's role. *See id.*

3

\*     \*     \*

We grant Mr. Sacoman's motion to proceed without prepaying costs or fees.  We

deny his application for a certificate of appealability.  We dismiss this matter.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge