**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DEANDRE BETHEL,

    Petitioner - Appellant,

v.

DAVID LOUTHAN,

    Respondent - Appellee.

No. 25-5079
(D.C. No. 4:17-CV-00367-GKF-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Deandre Bethel is a pro se Oklahoma inmate who seeks a certificate of

appealability (COA) so he can challenge the dismissal of his Fed. R. Civ. P. 60(b) motion

as an unauthorized second or successive 28 U.S.C. § 2254 petition. _See_ 28 U.S.C.

§ 2253(c)(1)(A). We deny a COA and dismiss this matter.

I

An Oklahoma jury convicted Bethel of felony murder, robbery, transporting a

loaded firearm, and public intoxication. He was sentenced to life in prison with the

possibility of parole. On direct appeal, the Oklahoma Court of Criminal Appeals

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(OCCA) vacated the robbery conviction but otherwise upheld the jury verdict. It subsequently denied post-conviction relief.

In 2017, Bethel filed a § 2254 petition, yet he moved to stay proceedings so he could seek post-conviction relief in state court under *McGirt v. Oklahoma*, 591 U.S. 894 (2020). The district court granted his request and administratively closed the case. The district court reopened the case in 2022 and denied Bethel's request to amend the petition to add the *McGirt* claim, concluding amendment would be futile. Then in 2025, the district court denied the § 2254 petition and declined to issue a COA. Bethel appealed.

During the pendency of the appeal, Bethel returned to the district court and filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). His Rule 60(b) motion sought to add a Fourth Amendment claim to his already-denied § 2254 petition, asserting he "inadvertently omitted" the Fourth Amendment claim from his petition "[d]ue to limited legal understanding and an earnest attempt to comply with applicable page limitations." R., vol. 1 at 1273 (bolding omitted). Shortly thereafter, he moved to supplement his Rule 60(b) motion with the transcript of a suppression hearing underlying his Fourth Amendment claim. He argued that his Rule 60(b) motion "alleges a procedural defect in the integrity of the federal habeas proceedings—namely, the omission of a fully exhausted and potentially dispositive [F]ourth [A]mendment claim that was improperly left unaddressed"—so he sought to supplement his motion with the transcript. *Id.* at 1279 (bolding omitted). He asserted the omission of the Fourth

2

Amendment claim "rendered the habeas proceeding procedurally incomplete and unfair." *Id.* at 1280 (bolding omitted).

We abated the appeal pending the district court's disposition of the Rule 60(b) motion and motion to supplement.  The district court then dismissed the Rule 60(b) motion, concluding it was an unauthorized second or successive § 2254 petition because it sought to add a new constitutional claim to the original § 2254 petition.  As for the motion to supplement, the district court dismissed it as moot and denied a COA.

Bethel now seeks a COA from this court to appeal the dismissal of his Rule 60(b) motion as an unauthorized second or successive § 2254 petition.[1]

II

To obtain a COA, Bethel must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court dismissed his Rule 60(b) motion on procedural grounds, he must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Bethel fails to make this showing.

---

[1] Bethel's COA application focuses exclusively on the dismissal of his Rule 60(b) motion as an unauthorized second or successive § 2254 petition.  Absent any argument challenging the dismissal of his underlying § 2254 petition, we do not consider it. *See Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015) (holding COA applicant waived challenge to adverse habeas ruling "by failing to address it in his opening brief"); *United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding COA applicant waived challenge to the validity of a conviction by failing "to address that claim in either his application for a COA or his brief on appeal").

"[A] claim nominally filed under Rule 60(b) in a habeas proceeding is, in substance, a successive habeas claim if it asserts or reasserts a substantive challenge to the validity of the conviction or sentence." *In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (10th Cir. 2005)). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a [habeas petition]." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). An example of a Rule 60(b) motion that is substantively a second or successive habeas petition is a motion asserting "the movant's habeas petition had omitted a claim of constitutional error, and seek[ing] leave to present that claim." *Gonzalez*, 545 U.S. at 531; *see Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (same). Unless we authorize the district court to consider such a claim, *see* 28 U.S.C. § 2244(b)(3)(A), the district court lacks jurisdiction to consider it, *In re Cline*, 531 F.3d at 1251.

Reasonable jurists would not debate the district court's conclusion that Bethel's Rule 60(b) motion was, substantively, an unauthorized second or successive § 2254 petition. The motion sought to add a Fourth Amendment claim that he allegedly omitted from his § 2254 petition. Under *Gonzalez* and *Spitznas*, this exemplifies a second or successive habeas petition. Indeed, the Rule 60(b) motion expressly states: "The omitted [Fourth Amendment] claim challenges the constitutionality of the initial seizure and vehicle search that uncovered the only physical evidence connecting [Bethel] to the underlying offense." R., vol. 1 at 1274. This language clearly raises a direct constitutional challenge to the validity of Bethel's conviction. And his motion to

4

supplement the Rule 60(b) motion confirms that the only purported "procedural defect in the integrity of the federal habeas proceedings" was "the omission of a fully exhausted and potentially dispositive [F]ourth [A]mendment claim that was improperly left unaddressed." *Id.* at 1279 (bolding omitted). Bethel cannot now assert this claim of constitutional error without our authorization. *See In re Cline*, 531 F.3d at 1251.

Bethel insists his motion was a "true" Rule 60(b) motion because "it challenged a procedural defect in the habeas proceeding: [t]he [f]ailure o[f] the [district] court to adjudicate a fully exhausted [F]ourth [A]mendment claim that was excluded due to page limits and lack of legal training while proceeding pro se." COA Appl. at 2. He also insists the "integrity of the federal habeas proceeding was undermined[,] not because the claim was denied, but because it was never considered." *Id.* (bolding omitted). And he says relief is warranted because the "failure to consider the admissibility of th[e] firearm," which was "the only physical evidence connecting him to the felony murder," "amounts to a breakdown in the adversarial structure." *Id.* at 3 (bolding omitted).

But these arguments confirm the character of Bethel's motion as an unauthorized second or successive § 2254 petition. He seeks to add an omitted Fourth Amendment claim to challenge his conviction, which defeats his effort to recast his claim as a "true" Rule 60(b) motion. And he still says the suppression hearing transcript "involve[s] critical facts regarding the seizure of the firearm—the only physical evidence connecting him to the felony murder." COA Appl. at 3. This argument seeks to disassociate him from the murder weapon to overturn his underlying convictions, demonstrating yet again

5

the Rule 60(b) motion was an unauthorized second or successive § 2254 petition. Absent our authorization, however, the district court lacked jurisdiction to consider the claim, and thus reasonable jurists would not debate the district court's dismissal.

III

Accordingly, we deny a COA and dismiss this matter. Bethel's motion to proceed on appeal without prepayment of costs and fees is granted.

Entered for the Court


Allison H. Eid
Circuit Judge